## BARTHOLOMEE *v.* TOWN OF LOWELL.

[No. 20,217.   Filed January 3, 1905.   Rehearing denied June 28, 1905.]

1. PLEADING.—*Estoppel.*—*Inference.*—*Intendment.*—An estoppel must be pleaded with particularity, any inference or intendment being against and not in favor of such estoppel. p. 225.

2. MUNICIPAL CORPORATIONS.—*Indebtedness.*—*Estoppel.*—*Pleading.*—A reply in estoppel, in an action against a municipal corporation by a holder of its bonds, and wherein defendant had answered that such bonds were issued in violation of article 13, §1, of the Constitution, limiting the power of municipal corporations to incur debts, is bad, where such reply fails to show that plaintiff was ignorant of the truth of the matters alleged in estoppel. p. 225

From Lake Circuit Court; *John B. Peterson,* Special Judge.

Action by Robert H. Bartholomee against the Town of Lowell. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*F. William Kraft,* for appellant.
*J. Frank Meeker* and *Frank B. Pattee,* for appellee.

MONKS, J.—This action was brought by appellant against appellee to recover upon fifteen unpaid interest coupons on certain bonds alleged to have been issued by appellee, a municipal corporation, for the extension of its water-works system. Appellee answered in two paragraphs. The first was a general denial. In the second, facts were alleged

showing that the unpaid interest coupons sued upon and said bonds were issued in violation of §1, article 13, of the Constitution of this State, which limits the power of any political or municipal corporation in this State to become indebted. Appellant filed a reply alleging facts which he claims estopped appellee from asserting the matters set up in said second paragraph of answer for the purpose of defeating a recovery by appellant in this action. Appellee's demurrer for want of facts was sustained to said reply, and, appellant refusing to plead further, judgment was rendered on demurrer in favor of appellee.

The assignment of errors calls in question the action of the court in sustaining the demurrer to said reply.

Appellee insists (1) that no recitals or representations in bonds issued by a municipal corporation in violation of §1, article 13, of the Constitution can estop such corporation from alleging and proving that the same were issued in violation of said provision of the Constitution and were therefore void; (2) that, even if a municipal corporation could be so estopped, the facts alleged in the reply are not sufficient, for the reason that an essential element of estoppel is lacking—that of ignorance of the truth of the matters alleged in estoppel. 1 Woollen, Trial Proc., §§1842-1844.

It is a settled rule of pleading in this State that, when an estoppel is relied upon, it must be set forth with particularity and precision, and nothing can be supplied by 1. intendment or inference, and when there is ground for inference or intendment it will be against, and not in favor of, an estoppel. *Field* v. *Noblett* (1900), 154 Ind. 357, 361, and cases cited.

As the essential element of estoppel mentioned in appellee's second insistence is not set forth in the reply, the same was clearly insufficient, and the court did not 2. err in sustaining the demurrer thereto. 1 Woollen, Trial Proc., §§1842-1844; 1 Works' Practice (3d ed.), §606.

The reply being insufficient for the reason named, we need not and do not decide as to the correctness of the appellee's first insistence.

Judgment affirmed.