# EXCEL FURNITURE COMPANY *v.* BROCK.

[No. 9,162. Filed January 5, 1917.]

1. APPEAL.—*Review.*—*Overruling Demurrer to Bad Answer.*—*Reversible Error.*—Overruling a demurrer to a bad answer is reversible error, even though the evidence admissible thereunder might have been presented under a general denial. p. 498.

2. SALES.—*Action for Price.*—*Answer.*—*Sufficiency.*—In an action on account to collect for goods sold, the averments of the answer are held sufficient to show that plaintiff's agent, who was indebted to defendant, assumed to have authority to sell the goods

and have the price charged to his account with defendant, and that the written order, which advised plaintiff of such assumption of authority, was the only order given for the goods and that they were delivered thereunder. p. 499.

3. SALES.—*Written Order.—Conditions.—Acceptance by Seller.—Effect.*—Where a seller receives a written order for goods showing that the price was to be charged to his agent and not to the buyer, the seller cannot accept the order and deliver the goods thereunder without being bound by such condition. p. 500.

4. PRINCIPAL AND AGENT.—*Authority of Agent.—Presumption.*—There is no presumption that a special agent selling the goods of his principal has authority to pay his personal debts with the goods he sells. p. 500.

5. PRINCIPAL AND AGENT.—*Authority of Agent.—Burden of Proof.*—Where, in an action for the price of goods sold, the buyer relies on the agent's authority to sell the principal's goods in payment of his personal obligations, the burden is on the buyer to show that the agent had the right to so sell the goods, or that such sale was acquiesced in, or ratified by, the principal. p. 500.

6. SALES.—*Action for Price.—Answer.—Sufficiency.*—In an action on account to collect the price of goods sold, defendant's answer that the goods were purchased from the seller's agent under an agreement that they were to be charged to him, and not to defendant, and that such stipulation was embodied in the written order for the goods received and accepted by the seller, is sufficient as against demurrer. p. 501.

From Madison Superior Court; *H. Clarence Austill,* Judge.

Action by Excel Furniture Company against Frank H. Brock. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Isaac Carter* and *Francis A. Walker,* for appellant.
*Charles R. Bagot,* for appellee.

HOTTEL, J.—This is an appeal from a judgment for appellee in an action brought by appellant to recover an amount alleged to be due it on account of goods sold and delivered to appellee.

The complaint is in two paragraphs, each of which alleges, in substance, that on November 13, 1913, the appellant sold and delivered to appellee under the name and style of

the "Larrimer Furniture Company" at the special instance and request of the latter, five No. 15 top cabinets at $14.25 each, making $71.25, and five No. 10 cabinets at $16.50 each, making $82.50, a total of $153.75. A demand for this amount and a refusal to pay is alleged. Judgment for said sum and interest thereon from January 13, 1914, is asked.

The paragraphs differ in that the first proceeds upon the theory that the prices set out and indicated, *supra,* are correct and that the value of the property sold was that indicated by such prices, while the second paragraph proceeds upon the theory that the prices so indicated and stated were the prices which appellee agreed to pay for said goods, and that such payment therefor was to be made on January 13, 1914.

To each of these paragraphs, appellee filed an answer in four paragraphs, the first being a general denial, and the second a plea of payment.

The third paragraph alleges, in substance, that on October 25, 1913, one A. V. Randall (herinafter referred to as R) was the agent and salesman of appellant, and as such called on appellee and solicited from him an order for the purchase from appellant of the goods enumerated in each of the paragraphs of the complaint; that R was then indebted to appellee in a sum in excess of the price of said goods, and appellee was desirous of collecting said indebtedness and then and there informed R that if the price of said goods might be credited by appellee upon his, R's, said indebtedness, that he, appellee, would order said goods; *that R then told appellee that he would sell him said goods for appellant under such arrangement,* and that appellee, in payment therefor, should credit R on his indebtedness with the purchase price thereof, and R, as such agent and salesman for appellant, then and there made out and executed in duplicate a written memorandum of said transaction, one copy of which he delivered to appel-

·lee, and the other he retained, in the words and figures following, towit:

"Order No. Date 3-25 1913.
Ship to Larrimer & Co.
City · Anderson, Ind.
Terms 10% 30 Ship at once.

| Quantity | Number | Finish | Price | Amount. |
|---|---|---|---|---|
| 5 | 15 | N. T. S. | $14.25 | 71.25 |
| 5 | 15 | | 16.50 | 82.50 |
| | | | | 153.75 |

Dull Finish
Charge net amount to
A. V. R.

Please send me your mail orders, they will be appreciated and promptly attended to whether I am at home or not.

A. V. Randall, Mfg. Agt.
Bell Phone 824-K. Shelbyville, Indiana."

That the initials "A. V. R." in said order were intended and understood to mean the said A. V. Randall, and the articles ordered and described are the same articles sued for by appellant; that appellee gave no other order and made no other or different arrangement for the purchase of said goods, and would not have ordered or purchased said goods under any other or different terms or conditions; "*that after giving said order and making said deal and transaction with the plaintiff's said agent and salesman, the plaintiff shipped and delivered said goods and property to defendant* and defendant then and there credited said debt of said Randall to him with the purchase price thereof, to wit, one hundred fifty-three dollars and seventy-five cents ($153.75) all in accordance with and pursuant to said agreement and arrangement."

The fourth paragraph differs from the third in that it contains, instead of the italicized averments above indicated as appearing in the third paragraph, substantially the following averments: R then told appellee that if he would

order said goods he might order them and have them charged by appellant to R and said goods were delivered by appellant and received by appellee under and pursuant to said arrangement by and between appellee and appellant's said agent and said written order and not otherwise. In all other respects, the averments of the two paragraphs are substantially, if not identically, the same.

A demurrer to each of these paragraphs of answer was overruled. There was a reply in general denial and an affirmative reply, but as said rulings on the demurrer to said answers are the only errors assigned in this court, the averments of the reply need not be indicated.

In its discussion of the ruling on the demurrer to said answers, it is suggested by appellee that evidence of the facts pleaded in each paragraph of said answer was

1. admissible under the general denial. Assuming, without deciding, that this is true, it does not follow that reversible error did not result from such rulings. *Thompson* v. *Lowe* (1887), 111 Ind. 272, 278, 12 N. E. 476; *Lockwood, Admr.*, v. *Woods* (1892), 3 Ind. App. 258, 29 N. E. 569; *Epperson* v. *Hostetter* (1884), 95 Ind. 583, 587; *Sims* v. *City of Frankfort* (1881), 79 Ind. 446, 448, 449; *Over* v. *Shannon* (1881), 75 Ind. 352, 353.

In its memorandum accompanying said demurrer, appellant states as its reason why said demurrer should be sustained the following, in substance: (1) It is not alleged in either of said paragraphs that R claimed to have authority to sell the goods on the conditions set out in said answers. (2) It is not alleged that appellant had knowledge that the goods were to be charged to the account of R and that appellant shipped the goods with the knowledge of the representations made by R to appellee. (3) That the averments of the answer show that appellee was dealing with an agent of appellant, and that the agreement alleged in such answers was not one ordinarily within the authority of an agent to sell, and hence could not bind the principal

unless it had knowledge of such agreement when it shipped the goods.    (4) Neither of said paragraphs alleges that the order set out therein was forwarded to the appellant and that the goods were shipped thereunder.    The fifth reason is substantially the same as the first, *supra.*

It will be observed that the averments of the fourth paragraph of answer are a little more specific as to the agreement between appellee and R, that the goods were to be charged by appellant to R and that such goods were delivered by appellant and received by appellee under said arrangement.    However, the order for the goods is set out in each paragraph, and, under the more recent decisions of the Supreme Court and of this Court (*Domestic Block Coal Co.* v. *DeArmey* [1913], 179 Ind. 592, 601, 100 N. E. 675, 102 N. E. 99), which permit reasonable inferences in favor of a pleading, we think that, when said order is read in connection with the averments of said third paragraph, it sufficiently appears from said paragraph that the goods ordered were to be charged to R, that said order was the only order given for said goods, and the one under which said goods were shipped by appellant and received by appellee.    It is evident that appellant regards the theory and effect of the paragraphs as being the same, as the reasons stated in its memorandum, indicated *supra,* are addressed to each paragraph alike, and in his argument appellant treats the paragraphs as proceeding on the same theory.

We therefore deem it unnecessary to take up separately each of the several objections and discuss their respective merits as applied to each paragraph of answer; but deem it sufficient to say, in answer to said objections collectively, as applied to each or either paragraph of said answer, that each of such paragraphs show that R assumed to have authority to sell the goods upon the conditions averred in the answer, and, as before stated, such answers aver, in effect, that the sole and only order for the goods given or authorized by appellee, and the sole and only authority

which appellant had for the shipment and delivery of the goods to appellee was the written order, which on its face advised both appellee and appellant that R had assumed to have authority to sell the goods and have them charged to himself. Each paragraph of the answer avers, in substance, that appellee gave no order other than that set out in the answer and *that the goods were delivered by appellant and received by appellee and credit given on R's indebtedness "all in accordance with and pursuant to said agreement and arrangement."*

If R in fact had no authority to sell appellant's goods upon the conditions alleged in each of said answers and embodied in the written order pursuant to which the goods were sold and delivered, as shown by such answers, appellant was under no obligation to fill the order, but it could not accept the order and ship the goods thereunder without being bound by the conditions therein. In other words, it could not accept the benefit of the order which gave it a customer for, and an opportunity to sell, its goods and avoid the conditions upon which such customer agreed to purchase the goods.

It is true, as appellant contends, that there is no presumption that a special agent who has authority to sell the goods of his principal also has authority to pay his own debts with the goods he thus sells, and, hence, that where one seeks to obtain the benefit of a credit given on the agent's account for the goods of the principal purchased through such agent, the burden is on such purchaser either to show that the agent had authority to so sell his principal's goods or that the act of the agent in the matter of such sale was known by and acquiesced in, or ratified by, his principal. *Runyon* v. *Snell* (1888), 116 Ind. 164, 167, 18 N. E. 522, 9 Am. St. 839; *Davis* v. *Talbot* (1894), 137 Ind. 235, 238, 36 N. E. 1098; *Robinson* v. *Anderson* (1886), 106 Ind. 152, 156, 6 N. E. 12.

These cases and the legal propositions therein announced would be of controlling influence if appellee's said paragraphs of answer proceeded upon the theory of a 6. purchase by appellee of the goods from appellant through its agent in the usual way which permitted the goods to be charged to appellee, but with a private agreement or understanding that the goods thus purchased were to be paid for by giving credit on the agent's indebtedness. Such, however, is not the theory of either paragraph of the answer. On the contrary, each paragraph of the answer shows that that part of the agreement between appellee and R which required the price of the goods to be charged to R was in effect embodied in the written order, and such answers contain the further averments, above indicated, which put upon appellee the burden of proving that the goods were purchased and received by appellee and were delivered by appellant under and pursuant to said order and agreement. It follows that each paragraph of said answer states a complete defense to the cause of action stated in the complaint to which it was addressed, and that no error resulted from the ruling on said demurrer. The judgment below is affirmed.

NOTE.—Reported in 14 L. R. A. 234. Principal and agent, power of agent to use property of principal for payment of his own debts, 14 L. R. A. 234; liability of principal for unauthorized contracts of his agent, 88 Am. St. 780. See under (3) 35 Cyc 55.