ACCEPTANCE CORPORATION OF FLORIDA v. SNIDER.

[No. 18,986. Filed April 24, 1958.]

448

*Chester V. Lorch, Basil H. Lorch, Jr.,* and *Lorch & Lorch,* of New Albany, for appellant.

*John A. Cody, Jr.,* of New Albany, for appellee.

COOPER, J.—The appellant brought this suit for replevin in the Circuit Court of Floyd County, Indiana, in four paragraphs: "1. That the plaintiff is entitled to the immediate possession of the following personal property: one 1950 Buick 2-door Super Riviera automobile, Serial 15927646, Motor No. 61302875. 2. That said property is unlawfully detained from the plaintiff by the defendant in Floyd County, Indiana, and that the estimated value thereof is four hundred ninety dollars ($490.00). 3. That said property has not been taken for a tax, assessment, or fine pursuant to a statute. 4. That the same has not been seized under an execution or attachment against the property of this plaintiff."

The appellee filed an answer of admission and denial as required by Rule 1-3, Rules of the Supreme Court of Indiana. The foregoing rule further provides: "All defenses shall be provable under a specific denial or statement of no information, which were heretofore available under an answer or reply in general denial," and, therefore, waiver, estoppel and fraud may be proved under such answer in replevin actions. See *Helms* v. *American Security Co.* (1939), 216 Ind. 1, 4, 22 N. E. 2d 822.

Issues were joined on the pleadings and submitted for trial to a jury.

The jury found against the appellant on its complaint and rendered the following verdict:

> "We, the jury, find for the defendant, Elmer G. Snider, and that he is entitled to the possession of the automobile."

Thereafter, the appellant filed its motion for a new trial, which was overruled by the trial court, and the court thereafter entered judgment on the verdict. The appellant appealed assigning as error the overruling of the motion for a new trial.

The appellant expressly relies solely on specification number one thereof, the same being, "The court erred in overruling the plaintiff's motion for a directed verdict."

The record before us affirmatively shows that at the conclusion of all the evidence given in said cause, the plaintiff filed its written motion requesting the court to direct a verdict in its favor; that due note of the filing of said motion and the overruling of the same was made by order-book entry.

A part of Rule 1-7 of the Supreme Court provides, "The court's action in directing or refusing to direct a verdict shall be shown by order-book entry. Error may be predicated upon such "ruling or upon the giving or refusing to give a written instruction directing the verdict."

It is the law that a verdict may be directed in favor of the party having the burden of proof. Thus, where the facts are admitted, either by the pleadings or otherwise, or where the controlling evidence is documentary, and its interpretation and construction a matter for the court, and leads to but one conclusion, the court may direct a verdict in favor of

the party having the affirmative of the issue. (See *Haughton* v. *Aetna Life Ins. Co.* (1905), 165 Ind. 32, 73 N. E. 592; *Taylor* v. *Altgelt* (1946), 224 Ind. 383, 67 N. E. 2d 531; *Lincoln Nat. Bank & Trust Co.* v. *Parker* (1941), 110 Ind. App. 1, 37 N. E. 2d 5.

In the light of the laws above noted, we shall consider the complaint heretofore set out and the evidence and inferences tending to sustain it, keeping in mind that in determining whether a peremptory instruction should be given the court must accept as true all facts which the evidence tends to prove and draw against the party requesting such instruction. *Whitaker, Admr.* v. *Borntrager* (1954), 233 Ind. 678, 122 N. E. 2d 734.

The complaint alleges that the appellee unlawfully detains personal goods to which the appellant is claiming the right of possession. The answer says, in effect, that these allegations are not true. The question to be determined is whether or not the complaining party is entitled to possession of the personal property. Before the complainant would be entitled to recover the possession, two facts must be established, (1) that the property is unlawfully detained, and, (2) that the complaining party is entitled to possession.

In the appellant's evidence, as shown by the record before us, it is not only undisputed but affirmatively admitted by the stipulation entered between the parties that the appellee purchased the chattel in controversy from the appellant's assignor on a written conditional sales contract on the 21st day of March, 1955, which reflects, among other things, that said contract was executed by said appellee and that his signature appears on said contract. The conditional sales contract was introduced into the evidence and reflects that a portion of the purchase price was paid on the execution of said contract and the balance was to be paid

in equal monthly installments on the same day of each successive month, commencing on the 21st day of April, 1955. Title and ownership of said automobile were to remain in the appellant until the full purchase price had been paid.

The appellant's evidence further reveals that the appellee had made two payments in the amounts provided for by the contract; that the first payment was two days late, and that the second payment was nine days late. The evidence further reveals that on June 30, 1955, nine days after the third payment was due, the wife of the appellee requested an extension in making the past due payment until such time as a bond could be cashed; that thereafter, the appellee tendered a part-payment in the amount of Thirty Seven Dollars and Fifty Cents ($37.50), which part-payment was refused and a demand made for the full payment as required by the contract, and that the appellant discovered the appellee had taken the car out of the state without permission, and that possession of the car was demanded because of two reasons, namely, because of defaults and payments under the contract, and the fact that the appellee had moved the car from the state without permission. The evidence as hereinbefore outlined made a *prima facie* case for the appellant, which thereafter rested its case.

The appellee, then to establish that he was not detaining unlawfully the property, introduced his evidence. A concise statement of the appellee's evidence most favorable to him is shown by the defendant's exhibits A, B, C and D. Exhibit C is a receipt for the payment of Forty-seven Dollars and Forty-five Cents ($47.45) on said contract made April 23, 1955. The same type receipt for the same amount made on May 30, 1955. These exhibits verify the appellant's statement of delinquent payments of two and nine days.

The appellee's wife testified that on June 30, 1955, she took a fifty-dollar bond to the appellant's office and requested an extension of time in order to be able to cash said bond before making the past-due payment, and that an extension was granted. She further testified that after cashing said bond, she tendered a partial payment of Thirty-seven Dollars and Fifty Cents ($37.50) to the appellant, which was refused, and she was informed that they would not take a payment unless it was the full amount. She further testified that she told the manager that she would make the payment next week and that she never went back to the office thereafter. The appellee's evidence further shows that after they had driven to New Albany, Indiana, the agent of the appellant demanded possession of the car, which was refused. The appellee's evidence further reveals that after demand for possession of the car was made, they offered to make a payment, which was refused. The appellee's evidence further reveals that after the sheriff of Floyd County had taken the car pursuant to the writ, the appellee secured a postal money order in the amount of Forty-seven Dollars and Fifty Cents ($47.50), being the delinquent payment, and forwarded the same to the office of the appellant and that they refused to accept it and it was returned to the appellee.

The answer filed by the appellee made it necessary for the appellant to prove the material allegations of their complaint. This, they did by their evidence in the case in chief and rested. The appellee then proceeded to introduce evidence to show that he did not unlawfully detain the property, asserting, as claimed by appellee's brief, "waiver of default in payments," and, consequently, the right to possession. The defense of the appellee was an affirmative defense which he was required to establish by a fair preponderance of

the evidence. This placed no extraordinary duty upon the defendant and certainly he would be bound by the same rules applicable to all others who seek to establish facts affirmatively. When the plaintiff below rested, which party would have prevailed if no evidence was introduced? The plaintiff, without a doubt. The defense under the law had any number of avenues open to it, but it undertook to establish an affirmative defense and must accept all that goes with it.

The appellee relies upon the case of *Farm Bureau Mut. Ins. Co.* v. *Emmons* (1952), 122 Ind. App. 440, 446, 104 N. E. 2d 413, wherein this court, in discussing the general principle of law of waiver or estoppel as applicable to conditional sales contracts in this state in following the principle laid down in 47 Am. Jur., pp. 106, 109, §§898, 899, said:

> "Upon default by the vendee the vendor has an option to avoid the conditional sales contract or to waive the default. Forfeiture is not automatic upon default and does not result, in the absence of affirmative action on the part of the vendor. After default, and until exercise of the vendor's option to declare a forfeiture, the purchaser has the right to pay the purchase price and retain the property which he received under the contract. As a general rule, in the absence of a demand upon the vendee for the purchase price or for the property for non-payment thereof, the mere omission to pay the purchase money at maturity does not operate as a forfeiture of the vendee's rights or entitle the vendor to retake the property . . ."
>
> ". . . The acceptance by the vendor of an installment of the purchase money after default is a recognition of the contract as still subsisting, and a waiver of the forfeiture. Repeated waivers of default by accepting delayed payments may lull the vendee into making late payments, relying on the expectation that they will be accepted as compliance with his contract. Such a course of conduct will bar the vendor's right to assert a forfeiture for any payment not made at the time

stipulated in the original contract unless prior thereto he has given notice to the vendee that he will hold him to the original terms and the vendee has had a reasonable opportunity to comply therewith . . ."

We reiterate this principle of law; however, the record in this case plainly shows that appellee had violated the terms of the contract by removing the automobile from the state of Florida without the consent of the appellant. There was no attempt made on the part of the appellee to deny the execution of the contract or to deny the fact that the automobile had been removed to the state of Indiana in violation of the terms of such contract. The appellee, by his contract, agreed that in the event of a violation of the terms of such contract the appellant could take immediate possession of the property.

The evidence in the record before us is all one way; that is to say, all of the uncontradicted evidence in the case at bar affirmatively shows that the appellee had defaulted the terms of the contract by removing the automobile from the state of Florida, and, in addition thereto, was in default in payments due under the contract, and, therefore, under the terms of the contract, they were entitled to the immediate possession of the property sold under such contract, and, under such circumstances, the effect becomes a matter of law.

Our Supreme Court has said in the case of *Wright* v. *Peabody Coal Co.* (1948), 225 Ind. 679, 77 N. E. 2d 116:

"It is the law of this state that a *prima facie* case must always prevail in the absence of countervailing proof or in other words where the evidence in the record is all one way its effect becomes a matter of law even in favor of the plaintiff to recover. *First Nat. Bank* v. *Farmers, etc.* (1908),

171 Ind. 323, 86 N. E. 417; *City of Decatur* v. *Eady* (1917), 186 Ind. 205, 115 N. E. 577. See also *Dockerty* v. *Hutson* (1890), 125 Ind. 102, 25 N. E. 144; *Carver* v. *Carver* (1884), 97 Ind. 497; *Riley* v. *Boyer* (1881), 76 Ind. 152."

Under the law applicable to the facts, the trial court committed error in refusing to direct a verdict for the plaintiff. In view of the entire record, we believe that the ends of justice will be best served by a reversal of this cause.

Judgment reversed, with instructions to sustain the appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 149 N. E. 2d 698.