MATTHEWS ET AL. *v.* BOWSER ET AL.

[No. 19,879. Filed January 20, 1964.]

514

*Howard S. Grimm, Edgar A. Grimm* and *Grimm &
Grimm,* of Auburn, for appellants.

*Dunten & Beckman,* of Fort Wayne, for appellee,
Theodore Bowser.

*Byron F. Novitsky,* of Fort Wayne, for appellees,
Howard Martin and Howard Martin, Inc.

MOTE, J.—This is an action in replevin for possession
of a dragline machine commenced by appellants in the
lower court. It seems that appellants moved the drag-
line machine onto appellee Bowser's farm and proceeded
to remove approximately four thousand (4,000) yards
of gravel from the said farm. Appellants did not pay for
said gravel and appellee Bowser proceeded to conduct a
public sale of the dragline machine. Appellee Howard
Martin and Howard Martin, Inc., hereinafter called ap-
pellee Martin, purchased the machine at the sale.

The trial court held in favor of the defendants, ap-
pellees herein. Appellants filed a motion for new trial
which was overruled and this appeal followed. The rul-
ing on the motion for new trial is the only asssigned
error.

Appellants contend, under their motion for new trial,
that the trial court erred in overruling demurrers ad-
dressed to various paragraphs of the appellees' answers.
Both appellees in separate paragraphs of their separate
answers asserted that plaintiffs were estopped to bring
the replevin action. Both answers of estoppel were
tested by appellants' demurrers.

The defense of estoppel in a replevin action may be proved under an answer of admission and denial as required by Rule 1-3, Rules of the Supreme Court of Indiana. *Acceptance Corporation of Florida* v. *Snider* (1958), 128 Ind. App. 447, 149 N. E. 2d 698. However, if the defendant elects affirmatively to plead the defense, and his pleading is insufficient to constitute the defense, reversible error is committed if a demurrer to the pleading is overruled, and neither the record nor special findings show that the defense of estoppel was not relied on in the lower court in deciding against the defendant. See *Continental National Bank of Indianapolis* v. *Discount and Deposit State Bank of Kentland, et al.* (1927), 199 Ind. 290, 157 N. E. 433; *Excel Furniture Company* v. *Brock* (1917), 63 Ind. App. 494, 114 N. E. 701; *Walling et al.* v. *Burgess et al.* (1889), 122 Ind. 299, 22 N. E. 419; *Over et al.* v. *Shannon* (1881), 75 Ind. 352.

Where an estoppel is relied upon it must be pleaded with particularity and precision; nothing can be supplied by intendment; and when there is a ground for inference or intendment, it will be against, and not in favor of, the estoppel. *Richardson* v. *St. Mary's Hospital, Inc.* (1963), — Ind. App. —, 191 N. E. 2d 337; *Bowes et al.* v. *Lambert et al.* (1943), 114 Ind. App. 364, 51 N. E. 2d 897; *Dudley et al.* v. *Pigg* (1898), 149 Ind. 363, 48 N. E. 642.

An examination of appellee Martin's pleading of estoppel discloses that there is no allegation that Martin was ignorant of the truth of the acts relied on for the estoppel. It is essential that the person claiming the estoppel must have been without knowledge, or the means of knowledge, of the facts. *Midland Building Industries, Inc.* v. *Oldenkamp et al.*

(1952), 122 Ind. App. 347, 103 N. E. 2d 451; *Dudley, et al.* v. *Pigg, supra; Bartholomee* v. *Town of Lowell* (1905), 165 Ind. 224, 72 N. E. 1030.

We think, therefore, that the demurrer to said paragraph of estoppel should have been sustained.

The trial court also decided on counter-claims in favor of appellee Bowser for the gravel taken by appellants and for the cost of conducting the sale of the dragline machine. A deduction from that amount was made. The deduction was based on the proceeds received by Bowser from the sale of the dragline machine. The calculations are as follows:

| | |
|---|---|
| Gravel taken | $2,658.50 |
| Cost of sale | 44.31 |
| | |
| Total due Bowser | $2,702.81 |
| Less credit | 834.31 |
| | |
| | $1,868.50 |

The court entered judgment in favor of appellee Bowser in the amount of $1,868.50.

This court can reverse erroneous portions of a judgment when these portions are distinct from and independent of other portions which are correct. *Myers et al.* v. *Sell et al.* (1948), 226 Ind. 608, 81 N. E. 2d 846, 82 N. E. 2d 81; *City of East Chicago et al.* v. *State ex rel. Pitzer et al.* (1949), 227 Ind. 241, 84 N. E. 2d 588. However, in this case, the amount of the judgment on the counter-claim was based, in part, on the result reached by the trial court on the replevin issue. Therefore, we think that justice requires a new trial as to the counter-claim also must be granted.

Judgment reversed and new trial ordered.

Hunter, P. J., Kelley and Pfaff, JJ., concur.

NOTE.—Reported in 195 N. E. 2d 494.