James H. PFISTER, Appellant,

v.

Willie P. ARCENEAUX et al., Appellees.

No. 22562.

United States Court of Appeals
Fifth Circuit.

Nov. 14, 1966.

Rehearing Denied June 29, 1967.

See 379 F.2d 292.

C. Ellis Henican, Jr., Henican, James & Cleveland, C. Ellis Henican, New Orleans, La., for appellant.

W. Scott Wilkinson, Shreveport, La., for appellees.

Before BROWN, BURGER,* and WISDOM, Circuit Judges.

WISDOM, Circuit Judge:

The complaint filed in this action is a by-product of Dombrowski v. Pfister.[1] *Dombrowski* grew out of two incidents: (1) an investigation of the Southern Conference Educational Fund by the Louisiana Joint Legislative Committee on Un-American Activities; (2) sei-

---

\* Of the District of Columbia Circuit, sitting by designation.

1. 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965), reversing 227 F.Supp. 556 (E.D.La.1964).

zure of the Fund's records and papers and the arrest of several of the Fund's officers following the investigation. The complaint alleges that the investigation and the raid were part of a conspiracy to deprive the members of the Fund of their constitutional rights in violation of 42 U.S.C. §§ 1981, 1983, and 1985(3). The plaintiffs ask for preventive relief and damages against a number of defendants, including James H. Pfister, the Chairman of the Joint Committee. Pfister filed a third-party complaint against the other members of the Joint Committee, alleging that they were liable to him for all or part of any sum the plaintiffs might recover from him. His theory of the case is that any of his actions giving rise to liability to the plaintiffs were authorized and approved by the entire committee. Both Pfister, in his answer and in a motion for summary judgment, and the third party defendants, in their motions to dismiss and for a summary judgment, raise the defense of legislative immunity. See United States v. Johnson, 1966, 383 U.S. 169, 86 S.Ct. 749, 15 L.Ed.2d 681, 683; Tenney v. Brandhove, 1951, 341 U.S. 367, 71 S. Ct. 783, 95 L.Ed. 1019. The district judge denied Pfister's motion, but granted the third party defendants' motion for summary judgment. This appeal questions only the judgment in favor of the third party defendants.[2] We reverse.

This case requires that we scrutinize closely the events leading to the summary judgment in favor of the third party defendants. Pfister filed his third party complaint October 1, 1964. December 30, 1964, the third party defendants filed their answer and motion to dismiss, based on the theory of legislative immunity. January 18, 1965, Pfister filed a paper captioned "Opposition * * * to Motions of Third-Party Defendants * * * To Dismiss". The last paragraph of this paper expressly incorporated "in support of said opposition * * * all of the pleadings, affidavits, depositions, judgments, and minute entries heretofore filed in these proceedings". Ten days later, the third party defendants filed a motion for summary judgment and introduced the affidavits of all of the members of the committee. Although the motion set forth no theory on which the committee members were entitled to summary judgment, the affidavits indicate that the theory was, once again, legislative immunity. March 15, 1965, the district judge granted the summary judgment. In his amended "Reasons" the district judge stated:

> The affidavits show that the activities of third-party defendants were at all times limited to investigating the activities of plaintiffs and to authorizing the Chairman of the Committee [Pfister] to turn over to the District Attorney for the Parish of Orleans the evidence heretofore found as a result of such investigations. [¶] There is no evidence by countervailing affidavit or otherwise of participation by any of the third-party defendants in any of the tortious acts alleged by plaintiffs, nor of any knowledge thereof.

While it is true that Pfister filed no opposition to the motion for summary judgment, he did oppose the preliminary motion to dismiss, and in his "Opposition" incorporated all of the affidavits previously introduced in the case. We conclude, therefore, that Pfister's "Opposition" to the motion to dismiss should be treated as a response to the motion for summary judgment. The third party defendants' motion to dismiss was incorporated in their answer, and therefore may not be viewed as a motion under Rule 12(b) of the Federal Rules of Civil Procedure. Rule 12 (b) provides that any defenses presented by motion "shall be made before plead-

---

2. Both before and after the summary judgment in favor of the other members of the committee, Pfister moved for summary judgment. The denial of these mo- tions is not before the Court at this time. For this reason Pfister's theory that what is sauce for the goose is likewise for the gander is not applicable.

ing \* \* \*". The motion must, therefore, be taken as a motion for judgment on the pleadings. In this view, the motion to dismiss assumes a very close relationship to the motion for summary judgment. Rule 12(c) provides that a motion for judgment on the pleadings may be treated as a motion for summary judgment when matters outside the pleadings are introduced. Here the motion for summary judgment set forth no ground upon which it should be granted, but was merely a vehicle for the filing of affidavits to support the motion to dismiss and to convert *that motion* into a motion for summary judgment under Rule 12(c). Absent the legal terminology, the motion for summary judgment and the motion to dismiss were very nearly the same thing.

Since Pfister had opposed the motion to dismiss when it was originally filed,[3] there was no reason for him to renew his opposition when the motion reappeared in the form of a motion for summary judgment. Because he had incorporated all of the preceding affidavits, depositions, judgments, and minute entries in his original answer to the motion to dismiss, there was no need for him to file additional material to meet the affidavits of the third party defendants. He was not resting "upon the mere allegations or denials of his pleading",[4] but was relying on the affidavits and other material incorporated in his "Opposition" to the original motion to dismiss. Although it would have been more artful pleading for Pfister to have reintroduced all this material, to require him to do so at the risk of a summary judgment would lead only to a wasteful duplication.

We hold, treating Pfister's "Opposition" as a response to the motion for summary judgment, that the district judge erred in granting the motion.

Among the affidavits incorporated in Pfister's "Opposition" was an affidavit introduced by the plaintiff, James A. Dombrowski. In it Dombrowski declared upon oath that on the day of the raid Pfister made a statement to the press in which he described the purpose and method of carrying out the investigation and said, "All of the members of the committee have unanimously concurred in the operation which took place today." If Pfister did make such a statement, the truth or falsity of the statement will bear on the accuracy of the committee members' affidavits that they did not authorize the raids and in fact knew nothing of them before they were carried out. Resolution of this issue *i. e.*, whether Pfister made such a statement and whether it was accurate has a serious bearing on the question whether Pfister and the other members of the committee were "acting in the sphere of *legitimate* legislative activity",[5] which would entitle them to immunity.[6]

Dombrowski's affidavit and the affidavits of the committee members create a "genuine issue as to \* \* \* [a] material fact". Fed.R.Civ.Proc. 56(c). In such circumstances, summary judgment is not proper. "The moving party has the burden of positively and clearly demonstrating that there is no genuine issue of fact and any doubt as to the existence of such an issue is resolved against him." National Screen Serv. Corp. v. Poster Exchange, Inc., 5 Cir. 1962, 305 F. 2d 647, 651; accord, Poller v. Columbia Broadcasting System, Inc., 1962, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed. 2d 458.

Since the affidavits introduced by Pfister in his "Opposition" to the mo-

---

**3.** The district judge did not rule on the motion to dismiss until after the motion for summary judgment and the affidavits had been filed. He then disposed of both motions together.

**4.** Fed.R.Civ.Proc. 56(e).

**5.** Tenney v. Brandhove, 1951, 341 U.S. 367, 376, 71 S.Ct. 783, 788, 95 L.Ed. 1019, 1927. (Emphasis added.)

**6.** The district judge relied on this issue of fact and its materiality in denying Pfister's second motion for summary judgment.

tion to dismiss and those of the other members of the committee raise a genuine issue as to a material fact, the district court's judgment granting the third party defendants' motion for summary judgment must be reversed. The case is remanded for further proceedings consistent with this opinion.