JOSEPH LEON BOWERS *v*. CLARA MAE AXSOM.

[No. 970A154.  Filed October 20, 1971.]

*Kenneth L. Nunn,* of Bloomington, for appellant.

*Richard L. Wilder,* of Bloomington, for appellee.

HOFFMAN, C. J.—This is an appeal by appellant-Joseph Leon Bowers in a paternity action filed under the Children Born Out of Wedlock Statute, *i.e.,* IC 1971, 31-4-1-9, Ind. Ann. Stat. § 3-631 (Burns 1968). Trial was to a jury before the Juvenile Referee of the Tenth Judicial Circuit resulting in a hung jury.

Upon motion by plaintiff-appellee, Clara Mae Axsom, for judgment on the evidence filed under Rule TR. 50, Indiana Rules of Procedure, the Referee made findings and recommendations upon which the court entered judgment and order.

Appellant-Bowers properly perfected this appeal. In his brief, the only one filed with this court, Bowers raised three issues:

1. That appellee failed to meet a procedural requirement of Rule TR. 50, *supra,* in that she failed to request judgment on the evidence under Rule TR. 50, *supra,* prior to submission of the cause to the jury.

2. That the Judge of the Circuit Court did not grant a review of the findings of the Referee under Rule TR. 53 (E) (4), Indiana Rules of Procedure, when requested by appellant.

3. That the court erred in granting appellee's motion for judgment on the evidence under Rule TR. 50, *supra.*

With regard to the first issue, Bowers contends that inasmuch as the Indiana Rules of Procedure are patterned after the Federal Rules, the Federal cases should be followed. Thus, he argues that because under the Federal Rule and cases a motion for a directed verdict must be made before the court is permitted to grant a judgment notwithstanding the verdict, the same is true under the Indiana Rule.

The theory utilized in the Federal system is that the court is reserving its decision when the motion is made at the close of the evidence and it is then renewed in the form of a judgment notwithstanding the verdict. On January 1, 1970, when the Indiana Rules of Procedure became effective, this theory was abolished. Rule TR. 50, *supra,* sets forth when the motion for judgment on the evidence may be made. Subsection (4) of Rule TR. 50(A), Indiana Rules of Procedure, provides that the motion may be made "in a motion to correct errors." Rule TR. 50(B), Indiana Rules of Procedure, is as follows:

> "Jury trial subject to entry of judgment on the evidence. Every case tried by a jury is made subject to the right of the court, before or after the jury is discharged, to enter final judgment on the evidence, without directing a verdict thereon."

A reasonable reading of the rule leaves no doubt that there is no prerequisite motion. Professor William F. Harvey at 368-369 of 3 Ind. Prac.—Rules of Civ. Proc. succinctly stated what was intended to be the effect of this rule:

> "In this Rule the motion for judgment notwithstanding the verdict is specifically abolished, and replaced by the motion for judgment on the evidence, or by a motion under Trial Rule 59, to correct errors. In the language of the Rule, the motion for judgment on the evidence may be made in a motion to correct errors, and it was specifically intended that there would be *no prerequisite motion.* Thus the motion may be made after the verdict without having been made before the jury is given the evidence. Such is the intended meaning of subdivision (B) of the Rule."

With regard to Rule TR. 50, *supra,* and the issue presented by this appeal, Professor Harvey has properly stated the law of Indiana.

Appellant-Bowers contends that the trial court committed reversible error by not reviewing the findings of fact with

regard to paternity of the child when such review was requested by him. In support of this contention Bowers cites Rule TR. 53(E)(4), *supra*. Rule TR. 53, Indiana Rules of Procedure, applies to Masters but has no application to Juvenile Referees. IC 1971, 33-12-2-17, Ind. Ann. Stat. § 9-3116 (Burns 1970 Supp.) is, in part, as follows:

> "Such juvenile referee shall have power to administer oaths in the performance of his duties as such referee, and to use the seal of the juvenile court, and in all cases coming before him, he shall comply with the requirements of and conform to the procedure provided for the hearing of such cases by the court, *and shall make return of his findings and recommendations in writing to the court, which shall proceed to enter such order or decree as it may be proper.*" (Emphasis supplied.)

Based upon the statute which applies to Juvenile Referees, § 9-3116, *supra*, no reversible error is shown by the denial of the trial court of the review requested by Bowers.

Bower's third contention is that the court erred in granting plaintiff-appellee's motion for judgment on the evidence under Rule TR. 50, *supra*.

In this case the appellee (plaintiff) had the burden of proof and much of this proof rested upon oral testimony.[1] The motion for judgment on the evidence as used in this case is the same as a motion for a directed verdict made by the party having the burden of proof under our prior rules.

Judge Cooper, speaking for a unanimous In Banc Court, in *Acceptance Corp. of Fla.* v. *Snider* (1958), 128 Ind. App. 447, at 450-451, 149 N. E. 2d 698, at 699, stated the rule as follows:

> "It is the law that a verdict may be directed in favor of the party having the burden of proof. Thus, where the facts are admitted, either by the pleadings or otherwise, or

---

1. 107 U. Pa. L. Rev. 217, 231 (1958-59). *Jerke* v. *Delmont State Bank* (1929), 54 S.D. 446, 223 N.W. 585.

where the controlling evidence is documentary, and its interpretation and construction a matter for the court, and leads to but one conclusion, the court may direct a verdict in favor of the party having the affirmative of the issue." (Citing authorities.)

In *Haughton* v. *Aetna Life Ins. Co.* (1905), 165 Ind. 32, at 39-40, 73 N. E. 592, at 594, our Supreme Court said:

"The Constitution of this state (Art. 1, § 20) provides: 'In all civil cases, the right of trial by jury shall remain inviolate.' Courts have guarded this right, with scrupulous care, against any encroachment. In all cases triable by jury the jurors are the sole and exclusive judges of the facts proved, and, of necessity, therefore, of the credibility of witnesses, and of the weight to be given to their testimony.

"Where upon a material point there is a failure of proof in the evidence of the party having the burden of an issue, the court may, as a matter of law, instruct the jury in favor of the other party to such issue. Where the facts are admitted by the pleadings or otherwise, or where the evidence upon the controlling question is documentary, and its interpretation and construction a matter for the court, and but one conclusion reasonably deducible therefrom, then in such cases the court may, as a matter of law, direct a verdict in accordance with the evident facts, and in favor of the party having the affirmative of the issue.

"But where a determination of the issue involves the credibility of witnesses, and rests upon inferences and deductions to be drawn from facts proved, it will be an invasion of the province of the jury for the court to direct a verdict." See also: *Jacobs* v. *Jolley* (1902), 29 Ind. App. 25, 62 N. E. 1028.

The test laid down by these cases are applicable to Rule TR. 50, *supra*, motions made by the party having the burden of proof.

The evidence in the record before us most favorable to appellant-Bowers reveals that although he had sexual intercourse with Miss Axsom a contraceptive was "always" used. It is also shown that through her association with other men in certain situations Miss Axsom had ample opportunity to indulge, and the reasonable inference to be drawn was that

she indulged in sexual intercourse with such men. To be sure, there is evidence to the contrary in the record but a consideration of all the evidence in the record before us leads to the conclusion that the trial court weighed the evidence when it sustained appellee-Axsom's motion for a judgment on the evidence and, thus, committed reversible error.

For reversible error shown appellant should be granted a new trial.

Judgment reversed and cause remanded to the trial court for further proceedings consistent with this opinion.

Sharp and White, JJ., concur.

Staton, J., concurs in result.

NOTE.—Reported in 274 N. E. 2d 287.