GEORGE W. DeHART *v.* BARBARA HATFIELD ANDERSON

[No. 2-976A326. Filed December 21, 1978. Rehearing denied February 19, 1979.]

*Danford R. Due, Stewart, Irwin, Gilliom, Fuller & Meyer, Edward O. DeLaney, Barnes, Hickam, Pantzer & Boyd,* of Indianapolis, for appellant.

*Thaddeus R. Spurgeon,* of Oaklandon, for appellee.

YOUNG, J.—Appellee Anderson filed a complaint on July 29, 1975, for recovery of damages for personal injuries. Anderson alleged that on April 23, 1972, she was a passenger in a car which was involved in a collision with a vehicle driven by the Appellant DeHart. The complaint stated that she was eighteen years of age at the time of the collision. On August 18, 1975, DeHart filed his answer which consisted of a general denial. On August 26, 1975, DeHart petitioned to file an amended answer, which proposed amended answer was attached to the petition as an exhibit. The amended answer admitted the complaint's allegations of the date of the incident and Anderson's age at that time, and raised the Statute of Limitations as an affirmative defense. The trial court granted the petition to file the amended answer, and on November 20, 1975, the amended answer was filed. On the same date, a motion to dismiss pursuant to Ind. Rules of Procedure, Trial Rule 12(B)(6), was filed, based on the Statute of Limitations. Anderson did not respond to these motions in any way. The trial court granted the motion to dismiss on December 19, 1975. Again, Anderson did not respond. Judgment was entered January 15, 1976. Anderson then filed a Motion to Correct Errors questioning the propriety of the procedures by which the statute of limitations defense was raised, the sufficiency of evidence supporting the defense, and the allegedly retroactive application of the present disability statute. The court granted Anderson's motion and ordered the cause be set for trial.

DeHart appeals from the court's ruling without filing his own motion to correct errors. The issues on appeal, therefore, are determined by the judgment dismissing the cause, the motion to correct errors, and the trial court's ruling on the motion. *P-M Gas & Wash. Co. v. Smith* (1978), 268 Ind. 297, 375 N.E.2d 592, 597.

The original judgment was entered after Anderson's failure to plead over subsequent to the trial court's grant of DeHart's motion to dismiss. The sole issue was the statute of limitations, and the effect of Ind. Acts 1973, P.L. 313, § 3 reducing the age of majority to eighteen years. Ander-

son's Motion to Correct Errors made the following specific arguments:

1. The Motion to Dismiss was not timely filed as Trial Rule 12(A) provides the time for filing shall be computed pursuant to Trial Rule 6(C), which does not extend the time for filing.

2. The Motion to Dismiss should have been treated as a Motion for Summary Judgment since the matters alleged involved matters outside the pleadings.

3. The decision of the trial court was contrary to law in that it retroactively applied a legislative act so as to deprive Anderson of her "vested right" to preservation of her remedy through minority status until her twenty-first birthday.

The heart of this appeal is the application of the Statute of Limitations. The law existing at the time of the accident allowed two years for bringing an action for personal injury. IC 1971, 34-1-2-2 (Burns Code Ed.). Persons under a disability were allowed two years after the disability was removed to bring suit. IC 1971, 34-1-2-5 (Burns Code Ed.). IC 1971, 34-1-67-1 (Burns Code Ed.), defined persons under the age of twenty-one as being under a legal disability. Subsequent to the accident but more than two years before the filing of Anderson's complaint, the statute defining minority was amended, reducing the age to eighteen. The Appellant argues that the effect of this amendment was to remove Anderson's disability, therefore she should have brought suit within two years of the effective date of the amendment. The Appellee argues that this would be a retroactive application of the amendment, impermissible in that it would cut off her vested rights.

This issue was the subject of a recent diversity action in the Seventh Circuit Court of Appeals, requiring application of Indiana law. In *D'Andrea v. Montgomery Ward & Co.*, 571 F.2d 403 (7th Cir. 1978), it was held that the amendment served to lift the disability within the meaning of IC 1971, 34-1-2-5 (Burns Code Ed.), and therefore the plaintiff had two years from its effective date within which to bring suit. The same decision was reached by a number of other jurisdictions when faced with this issue. *See Ledwell v. May Co.* (1977), 54 Ohio Misc. 43, 377 N.E.2d 798, and the cases cited therein. We agree that as of the effective date of a legislative act reducing the age of ma-

jority from twenty-one to eighteen years, all persons between those ages are relieved of their disability. There is nothing retroactive in this application of the amended statute.[1]

Further, Anderson's claim of a vested right to minority status until her twenty-first birthday is without merit. Anderson cites *Irwin v. State* (1942), 220 Ind. 228, 41 N.E.2d 809, as support for her contention. In holding that the disability statute does not affect proceedings to vacate judgments in criminal cases, the court in *Irwin* described the disability statute as "a law affecting substantive rights" rather than a rule of pleading and practice. 41 N.E.2d at 817. However, we will not so expand this holding out of its context as to be precedent for finding the disability statute creates a vested right in minority status. Rather, we agree with the evaluation in *Shoaf v. Shoaf* (1972), 282 N.C. 287, 290, 192 S.E.2d 299, 302:

> The rule is settled beyond a doubt that majority or minority is a status rather than a fixed or vested right and that the legislature has full power to fix and change the age of majority. * * * The removal of the disabilities does not result in the creation of any new rights, but merely in the termination of certain personal privileges. There is no vested property right in the personal privileges of infancy.

*See also Feest v. Allis Chalmers Corp.* (1975), 68 Wis.2d 760, 229 N.W.2d 651; *Arnold v. Davis* (Tenn. 1973), 503 S.W.2d 100. *Cf. Wilson v. Wilson* (1882), 86 Ind. 472. IC 1971, 34-1-2-5, which provides that a person under a disability has two years after the disability is lifted within which to file suit, is one such privilege of infancy. IC 1971, 34-1-2-5, is not a statute of limitations itself, nor does it "toll" the statute of limitations. "It merely

---

1. Anderson relies on the following language in Indiana Acts of 1973, Public Law No. 313:

(c) Nothing in this section shall be deemed to amend or alter present laws relating to the application of various statutes of limitations to persons under legal disabilities or to members of the armed services of the United States.

This language is inapplicable, however. It is part of section 2 of Public Law No. 313, amending IC 1971, 34-1-2-6 (Burns Code Ed.) which concerns the application of the statute of limitations to non-resident defendants. We note that the final draft of the above language substituted the word "section" for "act." Thus it is clear that this savings clause does not apply to Section 3 of Public Law No. 313, the effect of which concerns us here.

provides a reasonable grace within which to sue once a disability is removed." *Chaffin v. Nicosia* (1974), 261 Ind. 698, 310 N.E.2d 867, 870. Nevertheless, it is analogous to a statute of limitations. Both are remedial in that they concern the means by which rights are enforced. There is no question that the Legislature may alter mere remedies, therefore the law in effect when an action is brought governs that action. *Guthrie v. Wilson* (1959), 240 Ind. 188, 162 N.E.2d 79, 81; *Sansberry v. Hughes* (1910), 174 Ind. 638, 640-41, 92 N.E. 783, 784. However, due process forbids the immediate withdrawal of all legal means of enforcing a right, since that would amount to withdrawal of the right itself. *Id.*

As a practical matter, the lowering of the age of majority to eighteen did lessen the time within which Anderson could bring suit. It did not remove it entirely, however. Anderson was allowed a two year grace period under the statute. As this is equal in length to the statute of limitations for personal injury, we cannot say that in this case it is unreasonably short.

We find, therefore, that applying the amended disability definition to Anderson is neither a retrospective application nor terminative of any vested right. Since Anderson was between the ages of eighteen and twenty-one on July 26, 1973, when the amendment became effective, her disability by reason of minority was lifted as of that date. She did not file suit until July 29, 1975.

In light of the above it is clear that Anderson's suit is barred as a matter of law by reason of the expiration of the two years allowed by IC 1971, 34-1-2-5.

We find no defect in the proceedings by which the statute of limitations was raised as a defense. The question of whether the affirmative defense was effectively raised at all is not in issue. The proper procedure for challenging the timeliness of a pleading is to apply for default under Trial Rule 55, before the pleading is filed. Anderson did not object either to the petition to amend the answer or to the filing of the amended answer, and her Motion to Correct Errors questions the proceedings only on the issues of the timeliness of DeHart's motion to dismiss in light of Trial Rule 6(C) and whether DeHart's mo-

tion should have been treated as a motion for summary judgment.

With regard to the first of these issues, we note that a motion to dismiss pursuant to Trial Rule 12(B)(6) is a permissible means of raising the statute of limitations. *Middelkamp v. Hanewich* (1977), 173 Ind.App. 571, 364 N.E.2d 1024, 1029; *Brown v. Gardner* (1974), 159 Ind.App. 586, 308 N.E.2d 424; *American States Ins. Co. v. Williams* (1972), 151 Ind.App. 99, 278 N.E.2d 295. The time for making a motion to dismiss for failure to state a claim is governed by Trial Rule 12(B), which provides that "[a] motion making any of these defenses shall be made before pleading if a further pleading is permitted or within twenty [20] days after service of the prior pleading if none is required." Trial Rule 6(C) deals with the effect of a Rule 12(B) motion on the time for service of responsive pleadings, and therefore is not dispositive of this issue. Further, Trial Rule 12(H)(2) specifies that "[a] defense of failure to state a claim upon which relief can be granted . . . may be made in any pleading permitted or ordered under Rule 7(A) or by motion for judgment on the pleadings, or at the trial on the merits." Considering Rule 12 as a whole, it is clear that a plaintiff's failure to state a claim can be raised either before the pleadings are closed in the form of a motion to dismiss pursuant to Rule 12(B)(6), or after the pleadings are closed but before trial in the form of a motion for judgment on the pleadings pursuant to Rule 12(C). The defendant-appellant filed a motion to dismiss at the same time he filed his amended answer.

We would note at this point that the timeliness of DeHart's motion to dismiss must be determined in relation to the amended answer and not the original. An amended pleading takes the place of the original which goes out of the case for all purposes. *McKenna v. Turpin* (1958), 128 Ind.App. 636, 151 N.E.2d 303.

If DeHart's motion to dismiss is treated as preceding the amended answer, it is timely even though filed more than twenty days after the complaint was filed. The time within which a person is required to answer determines the time for preliminary motions; if a court grants an extension of time to answer, then the time for preliminary motions is extended as well. *Bechtel v. Liberty Nat. Bank* (9th Cir. 1976), 534 F.2d 1335; *Blanton v. Pacific Mutual Life Ins. Co.*

(W.D.N.C. 1944), 4 F.R.D. 200. Since an amended pleading replaces the original for all purposes, then granting permission to amend in practical effect extends the time for answering.[2]

If DeHart's motion to dismiss is treated as subsequent to the answer, it is untimely. However, courts are not bound by a party's characterization of a motion. *Bailey v. Beekman* (1977), 173 Ind.App. 154, 362 N.E.2d 1171, 1173. A Rule 12(B)(6) motion filed after an answer will be treated as a motion for judgment on the pleadings under Rule 12(C). *Jacobsen v. Woodmoor Corp.*, (D.C. Mo. 1975) 400 F.Supp. 1. *See also Pfister v. Arceneaux* (5th Cir. 1966), 376 F.2d 821; *E. E. Black, Limited v. Price McNemar Const. Co.* (9th Cir. 1963), 320 F.2d 663; *Moreno v. University of Maryland* (D.C. Md. 1976), 420 F.Supp. 541. A motion under Trial Rule 12(C) is determined in the same manner as a motion under Trial Rule 12(B)(6). *See George G. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.* (2nd Cir. 1977), 554 F.2d 551.

Even had DeHart's motion not been filed at all, the trial court could treat the amended answer raising the failure to state a claim as a motion to dismiss. *Middelkamp v. Hanewich*, supra, at 1028.

It is apparent that nothing in the time when DeHart's motion was filed precluded the trial court from considering the motion.

The ground argued in Anderson's Motion to Correct Errors for requiring DeHart's Motion to Dismiss to be treated as a motion for summary judgment is that the matters alleged in the motion involved matters outside the pleadings not excluded by the trial court. The essence of the Motion to Dismiss is that on the basis

---

2. In her brief on appeal Anderson appears to argue that Trial Rule 6(C) required that the amended answer be filed within twenty days after permission to amend was granted. Therefore, under Trial Rule 12(B), the motion to dismiss should have been filed within that time, regardless of Anderson's acquiescence with respect to the amended answer.

First, we note that Trial Rule 15(A) imposes no time limit on amending pleadings when such is done by permission of the court. Timeliness is in the trial court's discretion. *State Farm Mut. Auto Ins. Co. v. Shuman* (1977), 175 Ind.App. 186, 370 N.E.2d 941, 950; *Henline, Inc. v. Martin* (1976), 169 Ind.App. 260, 348 N.E.2d 416, 422. Trial Rule 12(B) states only that motions shall be made before pleading. Thus, there is no merit to Anderson's contention. *Cf. State* ex rel. *Hohlt v. Superior Court of Marion Co.* (1971), 256 Ind. 544, 270 N.E.2d 761.

of the facts alleged in the complaint, the action is barred by the statute of limitations.

Rule 12(B) of the Indiana Rules of Trial Procedure provides that

If, on a motion, asserting the defense number (6), to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. In such case, all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Anderson's brief on appeal explains the argument in the Motion to Correct Erros by stating that because of the possibility that matters which can toll the running of a statute of limitations may exist, matters outside the pleadings are presented to the court. This is incorrect. Except in those cases where judicial notice is appropriate, nothing is presented to the court where nothing is offered as evidence. *Cf. Lukacs v. Kluessner* (1972), 154 Ind.App. 452, 290 N.E.2d 125, 128. If indeed there were some circumstance which tolled the statute of limitations, it was Anderson's responsibility to offer evidence of it to the court. She did not do so, therefore no matters outside the pleadings were presented and DeHart's motion was properly treated as a motion to dismiss.[3] *See Brown v. Gardner, supra.*

Anderson's argument concerning sufficiency of evidence in support of the affirmative defense is therefore without merit. The sole issue before the trial court on DeHart's motion to dismiss was whether the complaint stated a claim upon which relief could be granted. The burden of stating a claim is on the plaintiff. Thus, where the complaint shows on its face that the cause is barred by the statute of limitations, it is subject to dismissal. *American States Insurance Co. v. Williams, supra,* at 299. If there are matters which would avoid the operation of the statute, the plaintiff could offer them to the court and thereby transform the motion to dismiss into a motion

---

3. Nevertheless, Anderson could have had a hearing on the motion, *Middelkamp v. Hanewich, supra,* at 1028. Since neither Anderson nor DeHart requested one, however, the court was not required to conduct a hearing. *Sacks v. American Fletcher National Bank & T. Co.* (1972), 258 Ind. 189, 279 N.E.2d 807, 810.

for summary judgment, or the plaintiff could amend the complaint subsequent to dismissal as is his right. *Brown v. Gardner, supra.* Here, Anderson did neither.

It is clear from our determination of these issues that DeHart is entitled to dismissal as a matter of law. Thus, the trial court's action in vacating its judgment of dismissal is contrary to law, and must be reversed. *Cf. Matthews v. Bowser* (1964), 135 Ind.App. 513, 195 N.E.2d 494; *Lee v. Bossung,* (1956) 127 Ind.App. 388, 138 N.E.2d 913.

Reversed, with instructions to reinstate the judgment of dismissal.

Chipman, P.J., concurs.

Miller, J., concurs.

NOTE — Reported at 383 N.E.2d 431.