CLARK COUNTY STATE BANK AND CITIZENS NATIONAL BANK OF GRANT COUNTY *v.* PETER A. BENNETT AND ARTHUR MYERS D/B/A FALLS CITIES CYCLE CO.

[No. 1-974A133. Filed November 6, 1975.]

*Frank J. Biddinger, John W. Campbell, Biddinger & Johnson,* of counsel, of Marion, *Thomas S. Pointer,* of Jeffersonville, for appellants.

*Ronald R. Fifer, Stephen W. Voelker, Fifer, Vogt, Hoodenpyl & Lanum,* of Jeffersonville, for appellees.

LYBROOK, J.—Defendant-appellant Citizens National Bank of Grant County (Citizens) appeals from a judgment by default entered following its alleged failure to timely respond to plaintiffs' complaint and requests for discovery. Ind. Rules of Procedure, Trial Rules 55(B) and 37(B)(4). The central issue presented is whether the court erred in granting plaintiffs' application for default and denying defendant Citizens' subsequent motion for relief therefrom.

On December 13, 1973, plaintiffs filed their complaint against defendants Citizens and Clark County State Bank (Clark) and simultaneously filed interrogatories and requests for admissions addressed to each defendant. Service of summons on defendant Citizens was made on December 18, 1973. Both defendants entered appearances by counsel on January 2, 1974, and Clark answered on that date. On January 7, 1974, Citizens moved for an enlargement of time of thirty days in which to answer or otherwise respond to plaintiffs' complaint; however, the record fails to reveal a ruling by the court on the motion. During a telephone conversation on January 14, 1974, attorneys for plaintiffs and Citizens agreed

to a fifteen day extension of time in which to answer plaintiffs' interrogatories. Thereafter, no further actions were taken by the parties until February 26, 1974, when plaintiffs filed consolidated alternative motions for (1) judgment by default against Citizens for its failure to answer or otherwise respond to plaintiffs' complaint, (2) judgment by default against Citizens for its failure to respond to requests for discovery, or (3) an order compelling discovery and (4) allowance of attorney's fees. Hearing was scheduled for March 18, 1974.

Four days prior to hearing, Citizens answered the complaint and filed responses to plaintiffs' interrogatories and requests for admissions. Notwithstanding Citizens' action, the court entered judgment by default against Citizens. The trial court found *inter alia* that Citizens had not timely answered the complaint, that the conduct of Citizens in failing to answer or respond to the interrogatories was inexcusable, that Citizens had in bad faith and abusively resisted or obstructed the interrogatories propounded, and that plaintiffs should recover attorney's fees in the sum of $500.00 from Citizens. The court also entered a judgment for compensatory damages in the sum of $2,592.00 with interest.

On April 22, 1974, Citizens moved to have the judgment by default vacated. Following hearing the motion was denied. Citizens' subsequent motion to correct errors was denied and this appeal ensued.

## I.

The first issue presented is whether plaintiffs were entitled to entry of judgment by default due to Citizens' failure to timely plead or otherwise respond to plaintiffs' complaint. TR. 55(B) provides that an appearing party against whom judgment by default is sought must be served with notice of the application for judgment at least three days prior to hearing thereon. In the instant case, plaintiffs' application

for judgment was filed on February 26, 1974, and Citizens was duly notified that hearing thereon would be held March 18, 1974. Citizens argues that by answering the complaint in the interim between the application and the hearing it rendered moot any question of plaintiffs' entitlement to judgment for Citizens' failure to timely plead.

Drawn into question is the purpose of the three day notice requirement of TR. 55(B). Citizens' interpretation is that it is intended to provide a delinquent party with time in which to remedy its default. Support for this construction is drawn from *Hiatt* v. *Yergin* (1972), 152 Ind. App. 497, 284 N.E.2d 834. Therein, plaintiff's application for judgment by default and defendants' untimely answer were filed on the same date. Rejecting plaintiff's contention that judgment by default should have been rendered, this court wrote:

> "A delinquent party only need be nimble enough to plead or otherwise comply with the rules within the three-day period in order to avoid the default question entirely. Yergin wisely filed a responsive pleading on May 4, the very day Hiatt filed the Application for Default Judgment. Thus the question became moot even before a hearing could be held under the three-day notice requirement. . . ."

We are unable to approve of this holding to the extent that it may be construed to vest a delinquent party with the absolute option to *sua sponte* cure its default and proceed as a matter of right without judicial approval at any time prior to the entry of judgment by default.

A primary objective in the adoption of our present procedural rules was elimination of delay resulting in protracted litigation. See, Ind. Rules of Procedure, Trial Rule 1; 1 Harvey, Indiana Practice 212 (1969). Commenting on the federal rules, after which our rules are patterned, the court in *Canup* v. *Mississippi Valley Barge Line Co.*, 31 F.R.D. 282 (W.D. Pa. 1962), aptly stated:

> "One of the basic purposes of the Rules of Federal Procedure is to secure the 'speedy' determination of pending

litigation. Since Magna Carta * * * delay has been recognized as *pro tanto* denial of justice. In Shakespeare's Hamlet 'the law's delay' is condemned. The evil is an old one. It has merely become more widespread as the number of pending cases has increased in our urban civilization.

Theoretically and ideally the object of procedural rules is to accord a plaintiff the same relief which he would receive if the case were decided immediately at the moment of filing. For the wrong (if any) has then occurred; the remedy should also be available at the same time.

Calendar control by the Courts and the setting of fixed dates for the various steps to be taken in the course of litigation are among the means by which it is sought to eliminate delay.

The bar must realize, and we declare it as emphatically as we can, that these dates fixed by law, rule, or court order mean something. They are not empty formalities."

Realization of the objective of speedy determination of actions is defeated by any construction of the rules divesting the trial court of its power to effectively deal with delay. However, Citizens' interpretation of TR. 55 (B) would do just that. In effect, Citizens asks us to hold that compliance with the time period in which to answer or otherwise respond to a complaint is committed to the discretion of the defending party and that such party may with impunity violate the rules resting secure in the knowledge that action need be taken only upon receipt of notice of an application for judgment by default.

The drafters' intent that the trial court at all times remain vested with the discretion to permit untimely compliance with the rules is reflected by the following relevant excerpt from Ind. Rules of Procedure, Trial Rule 6:

"(B) Enlargement. When an act is required or allowed to be done at or within a specified time by these rules, the court may at any time for cause shown
* * *
(2) upon motion made after the expiration of the specified period, permit the act to be done where the failure to act

was the result of excusable neglect; but, the court may not extend the time for taking any action for judgment on the evidence under Rule 50(A), amendment of findings and judgment under Rule 52(B), to correct errors under Rule 59(C), or to obtain relief from final judgment under Rule 60(B), except to the extent and under the provisions stated in those rules."

Citizens' argument that the purpose of the three day notice requirement of TR. 55(B) is to provide a delinquent party with further time in which to plead and thereby entirely avoid the question of default conflicts with constructions of the rules drawn by both federal authority and states which have adopted rules similar to the Federal Rules of Civil Procedure. In *Orange Theatre Corp.* v. *Rayherstz Amusement Corp.*, 130 F.2d 185 (3d Cir. 1942), the parties by stipulation attempted to extend the time in which defendants might answer or otherwise respond to plaintiff's complaint. No application to the court was made with respect to the stipulation. Within the period agreed to by the parties, defendants filed an untimely motion to dismiss which the court granted. In reversing, the Court of Appeals held that in the absence of an order of the court enlarging time, defendants were in default for failing to plead or otherwise respond to plaintiff's complaint within the time allotted by the rules, and that permission to plead or respond should have been obtained through application seeking exercise of the trial court's discretion.

In *Rogers* v. *Lyle Adjustment Co.* (1962), 70 N.M. 209, 372 P.2d 797, construing a state rule identical to Federal Rule of Civil Procedure 55, it was determined that judgment by default was properly rendered notwithstanding the fact that appellant's responsive pleading was filed prior to entry of the judgment. The court specifically rejected the appellant's contention that the three day notice requirement of an application for judgment by default was intended to provide

a delinquent party with further time in which to plead. Also see, *Moffit* v. *Asher* (Ky. 1957), 302 S.W.2d 102.

Accordingly, based upon the foregoing considerations we are of the opinion that the question of plaintiffs' entitlement to judgment by default was not rendered moot by the filing of Citizens' delinquent answer. The trial court remained vested with the power to entertain plaintiffs' application and exercise its discretion balancing on the one hand the policies of speedy determination of actions and avoidance of delay, and on the other, the policy favoring resolution of causes on their merits. Our interpretation of the purpose of the three day notice requirement is to provide the defaulting party with the opportunity to appear and demonstrate to the court reasons why its discretion should be exercised in favor of proceeding to trial on the merits.

In the instant case the balance was struck by the trial court in plaintiffs' favor. Therefore, our review is limited to a determination of whether the court abused its discretion in entering the judgment by default and denying Citizens' subsequent application for relief therefrom. Eighty-six days elapsed between service of summons upon Citizens and the filing of its answer. Even were we to assume a ruling by the court in Citizens' favor on its motion for enlargement of time the delay was excessive, and the trial court may have concluded that it was only by virtue of plaintiffs' application for judgment by default that Citizens was spurred to action. Inasmuch as this case exemplifies the very type of delay against which the rules of procedure are designed to protect, we are unable to determine that the court's decision entering judgment in plaintiffs' favor constituted an abuse of discretion.

In moving for relief from judgment, Citizens sought to establish that its delay was the product of excusable neglect.

Since Citizens bore the burden of establishing the grounds entitling it to relief the court's adverse ruling thereon constitutes a negative judgment, and upon examination of the record we are unable to conclude that the decision of the court was contrary to law.

## II.

The second issue presented for review is whether the trial court erred in imposing sanctions against Citizens for failure to make discovery.

Plaintiff's motion alleged and the trial court found that Citizens' failure to respond to plaintiffs' interrogatories and requests for admissions constituted bad faith and abusive resistance to discovery thereby entitling plaintiffs to imposition of the sanctions of allowance of attorney fees in the sum of $500.00 and judgment by default pursuant to the following relevant portions of TR. 37(B) :

"(B) *Sanctions—Contempt, damages and default.* To avoid abuse of discovery proceedings and to secure enforcement of the discovery provisions of these rules in any enforcement or protective proceedings under the discovery provisions of these rules or upon motion and notice by a party, witness or person to any persons affected thereby;

\* \* \*

(2) The court may allow expenses, including reasonable attorney's fees, incurred by a party, witness or person, against a party, witness or person, responsible for unexcused conduct that is:

\* \* \*

(c) in bad faith and abusively resisting or obstructing a deposition, interrogatories, production of evidence, inspection, examination, request, question, enforcement order, subpoena, protective order or any other remedy under the discovery provisions of these rules.

\* \* \*

(4) The court may enter total or partial judgment by default or dismissal with prejudice against a party who is responsible under subdivision (B)(2) of this rule if the

court determines that the party's conduct has or threatens to so delay or obstruct the rights of the opposing party that any other relief would be inadequate."

Initially, we would note that plaintiffs' resort to TR. 37 in search of sanctions for Citizens' failure to respond to requests for admissions was unnecessary since in the absence of timely answer or objection the matters were deemed admitted. Ind. Rules of Procedure, Trial Rule 36. Therefore, the propriety of the imposition of the sanctions must rest upon Citizens' failure to respond to plaintiffs' interrogatories.

The allowance of attorney's fees against Citizens was proper if there existed circumstances from which the court could have reasonably found that Citizens had in bad faith and abusively resisted plaintiffs' interrogatories. As to the standard to be employed in determining whether a party has acted in bad faith within the usage of the term in TR. 37, Dean Harvey commented:

> "The meaning of 'bad faith' is not clear in the rule, and not discussed in any commentary. It should probably be construed to mean that there is a failure to comply with a duty imposed under the specific rule and there is no reason for the evasive or incomplete answer. In short, 'bad faith' certainly does not contemplate conduct which is deliberate or by design. Far less than that, under the rule and the discovery rules, will be 'bad faith', and thus a failure to answer." 3 Harvey, Indiana Practice § 37.1 at 125 (1970).

In the instant case, Citizens not only failed to respond to plaintiffs' interrogatories within the period prescribed by Ind. Rules of Procedure, Trial Rule 33, but further failed to comply with an extension agreed upon by counsel, thereby necessitating plaintiffs' application for the alternative relief of an order compelling discovery or judgment by default. In our opinion, the trial court could have reasonably found under the circumstances that Citizens' delay amounted to bad faith

and abusive conduct within the meaning of TR. 37, thereby justifying the allowance of attorney's fees incurred by plaintiffs in seeking appropriate remedies within that rule. In subsequently moving for relief from judgment, Citizens contested the court's finding of bad faith and sought instead to establish that its delay was attributable to excusable neglect. However, as previously determined herein, since Citizens bore the burden of establishing its entitlement to relief, the adverse ruling on Citizens' motion constitutes a negative finding on the issue, and given the existence of conflicting inferences, we cannot say that the court's determination was erroneous as a matter of law.

The decision of the trial court imposing the sanction of judgment by default against Citizens presents an additional question. A finding that a party has in bad faith and abusively resisted or obstructed discovery will not alone support the entry of a judgment by default pursuant to TR. 37(B)(4). That section requires an additional determination that the resisting or obstructing party's conduct "has or threatens to so delay or obstruct the rights of the opposing party that any other relief would be inadequate." However, due to our resolution of the first issue herein, the question of plaintiffs' entitlement to judgment by default as a discovery sanction need not be considered.

## CONCLUSION

No abuse of discretion has been demonstrated in the ruling of the trial court granting plaintiffs' motion for judgment by default for Citizens' failure to timely plead or otherwise respond to plaintiffs' complaint. Further, the trial court did not err in allowing attorney's fees in the sum of $500.00 against Citizens and in favor of plaintiffs as a sanction pursuant to TR. 37(B). The judgment of the trial court is therefore affirmed.

482

Judgment affirmed.

Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 336 N.E.2d 663.