**DREYER & REINBOLD, INC.,**
**Appellant–Defendant,**

v.

**AUTOXCHANGE.COM., INC., and**
**Donald Tabor, its President,**
**Appellees–Plaintiffs.**

No. 49A02–0201–CV–19.

Court of Appeals of Indiana.

July 19, 2002.

Donn H. Wray, David I. Rubin, Stewart & Irwin, Indianapolis, Indiana, Attorneys for Appellant.

Jennifer L. Graham, Indianapolis, IN, Attorney for Appellees.

## OPINION

BAKER, Judge.

Third-party defendant-appellant Dreyer & Reinbold, Inc., (Dreyer & Reinbold) appeals the trial court's denial of its Motion to Have Matter Deemed Admitted and its Motion to Strike third party plaintiff-appellees Donald Tabor and AutoXchange.Com., Inc.'s (collectively "AutoXchange") Answer to its Counterclaim. Specifically, Dreyer & Reinbold claims that because AutoXchange failed to timely respond to its counterclaim, all matters alleged therein should have been deemed admitted pursuant to Ind. Trial Rule 8(D), and that AutoXchange's untimely Answer should have been stricken in accordance with Ind. Trial Rule 12(F). Concluding that motions under Ind. Trial Rules 8(D) and 12(F) are inappropriate avenues for relief when a responsive pleading is untimely filed, we affirm.

### FACTS

The undisputed facts are that in February or March 2001, Dreyer & Reinbold, an automobile retailer, purchased three automobiles from AutoXchange through Scott Ellingwood, a shareholder and officer of AutoXchange. At Ellingwood's direction,

Dreyer & Reinbold paid the amounts due for the automobiles directly to Automotive Finance Corporation (AFC), the creditor of AutoXchange that had financed the automobiles. AFC then credited the payment made by Dreyer & Reinbold to AutoXchange's account in satisfaction of the amounts owed by AutoXchange to AFC on the three automobiles. AutoXchange subsequently brought a cause of action against Ellingwood alleging, among other things, that he had engaged in various schemes to defraud the company.

On March 26, 2001, AutoXchange filed its Third Party Complaint against Dreyer & Reinbold, seeking damages and injunctive relief. AutoXchange alleged, among other things, that Dreyer & Reinbold had conspired with Ellingwood to misappropriate corporate funds by paying AFC directly for the automobiles, had engaged in unfair business practices, and had usurped AutoXchange's corporate opportunity. On May 15, 2001, Dreyer & Reinbold filed an Ind. Trial Rule 12(B)(6) motion to dismiss AutoXchange's Third Party Complaint for failure to state a claim upon which relief can be granted. The trial court denied the T.R.12(B)(6) motion on July 2, 2001.

On July 12, 2001, Dreyer & Reinbold filed its Answer and Counterclaim to AutoXchange's Third Party Complaint, alleging that the claims therein were frivolous and without merit. Appellant's App. p. 19. AutoXchange failed to respond to Dreyer & Reinbold's counterclaim within the twenty-three days provided for such responsive pleading by the trial rules. Consequently, on August 14, 2001, Dreyer & Reinbold filed a Motion to Have Matter Deemed Admitted. In its motion, Dreyer & Reinbold argued that because AutoXchange had failed to reply to its counterclaim within the time period provided by the trial rules, all averments contained in

that counterclaim should be deemed admitted pursuant to T.R. 8(D).

On August 16, 2001, thirty-four days after service of Dreyer & Reinbold's Counterclaim, AutoXchange filed its Answer. On August 17, 2001, Dreyer & Reinbold filed a Motion to Strike AutoXchange's Answer to its Counterclaim. Thereafter, on November 7, 2001, the trial court denied Dreyer & Reinbold's Motion to Have Matter Deemed Admitted and its Motion to Strike. On December 10, 2001, the trial court entered an order certifying its November 7, 2001 interlocutory orders for appeal. Dreyer & Reinbold now appeals.

## DISCUSSION AND DECISION

Dreyer & Reinbold contends that the trial court erred in denying its Motion to Have Matter Deemed Admitted and its Motion to Strike. Specifically, Dreyer & Reinbold asserts that when AutoXchange failed to answer its counterclaim within the time limits set by the Indiana Trial Rules, all of the averments contained therein should have been deemed admitted pursuant to T.R. 8(D). Dreyer & Reinbold also asserts that AutoXchange's untimely Answer to its counterclaim should have been stricken in accordance with T.R. 12(F). Thus, Dreyer & Reinbold's assertions turn on whether T.R.8(D) and T.R.12(F) are proper avenues for relief where a party files a responsive pleading in an untimely fashion.

In addressing Dreyer & Reinbold's contentions, we note that a party is required to file a response to a denominated counterclaim. *See* Ind. Trial Rule 7(A)(2) ("The pleadings shall consist of ... a reply to a denominated counterclaim"). A responsive pleading required under the Indiana Trial Rules must be "served within twenty [20] days after service of the prior pleading." T.R.8(C). A three-day extension of that time is permitted where

the pleading is served by mail. *See* T.R. 8(E). In this instance, it is undisputed that AutoXchange filed its answer to Dreyer & Reinbold's counterclaim beyond the twenty-three days permitted by T.R. 8(C) and (E).

■ Dreyer & Reinbold relies upon T.R. 8(D) and four cases that have applied that rule with respect to responsive pleadings to counterclaims, to support its assertion that the averments of its counterclaim should have been deemed admitted. T.R. 8(D) provides:

> Averments in a pleading to which a responsive pleading is required, except those pertaining to amount of damages, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided.

The rules of statutory construction are applicable to the interpretation of trial rules. *Noble County v. Rogers,* 745 N.E.2d 194, 197 n. 3 (Ind.2001). Thus, as with statutes, our objective when construing the meaning of a rule is to ascertain and give effect to the intent underlying the rule. *See Turner v. Bd. of Aviation Comm'rs,* 743 N.E.2d 1153, 1161 (Ind.Ct. App.2001), *trans. denied.* We are also mindful that "the Rules of Trial Procedure are to be construed together and harmoniously if possible." *Rumfelt v. Himes,* 438 N.E.2d 980, 983 (Ind.1982). Where a rule has not previously been construed, the express language of the rule controls the interpretation. *Id.* If the language of a rule is clear and unambiguous, it is not subject to judicial interpretation. *Spears v. Brennan,* 745 N.E.2d 862, 869 (Ind.Ct. App.2001). Moreover, in construing a

rule, it is just as important to recognize what it does not say as it is to recognize what it does say. *City of Evansville v. Zirkelbach,* 662 N.E.2d 651, 654, (Ind.Ct. App.1996), *trans. denied.*

■ Here, T.R. 8(D) states that averments are deemed admitted if not denied in the responsive pleading. However, the rule does not refer to the situation where a responsive pleading denying the averments is filed, but in an untimely manner. Put another way, the rule does not address the ramifications of a party's failure to comply with the trial rules. In contrast, Ind. Trial Rule 55, which governs default judgments, does address the appropriate remedy for such noncompliance, and provides, in relevant part:

> *When a party* against whom a judgment for affirmative relief is sought *has failed to* plead or otherwise *comply with these rules* and that fact is made to appear by affidavit, or otherwise, that party may be defaulted.

(emphases supplied).[1] Inasmuch as T.R. 8(D) does not similarly state that it applies to situations where a party has failed to comply with the requirements of the trial rules, we decline to extend its application beyond the plain language of the rule.

Moreover, the four cases that Dreyer & Reinbold relies upon to support its argument that the averments of AutoXchange's untimely answer should have been deemed admitted, are distinguishable from the situation presented here. In support of its claim, Dreyer & Reinbold relies upon *Venture Enter. Inc. v. Ardsley Distrib. Inc.,* 669 N.E.2d 1029 (Ind.Ct.App.1996); *Hudson v. McClaskey,* 641 N.E.2d 36 (Ind.Ct. App.1994), *trans. dismissed; Hansford v.*

---

1. We note that Dreyer & Reinbold does not contend that the trial court should have considered its Motion to Have Matter Deemed Admitted as a Motion for Default Judgment.

To the contrary, in its brief Dreyer and Reinbold emphasizes that it "was not seeking a default judgment" when it filed that motion. Appellant's Br. p. 10.

*Maplewood Station Bus. Park,* 621 N.E.2d 347 (Ind.Ct.App.1993); and *Commercial Credit Corp. v. Miller,* 151 Ind.App. 580, 280 N.E.2d 856 (Ind.Ct.App.1972). However, these cases are distinguishable from the case at bar because they involve situations where the party entirely failed to file a responsive pleading, rather than where the party responded but in an untimely manner. *See Venture Enterprises,* 669 N.E.2d at 1031 (concluding that because the promisee filed no response to the promisor's counterclaim, all matters alleged therein were deemed admitted pursuant to T.R. 8(D)); *Hudson,* 641 N.E.2d at 44 (determining that the effect of McClaskey's failure to file any answer to Hudson's counterclaim was that the averments of the counterclaim were deemed admitted according to T.R.8(D)); *Hansford,* 621 N.E.2d at 356 (determining that T.R.8(D) applied where the opposing party failed to file any response to Hansford's counterclaim and, thus, the trial court erred in allowing the opposing party to enter a general denial at trial); *Commercial Credit Corp.,* 151 Ind.App. at 585, 280 N.E.2d at 860 (holding that Commercial Credit Corporation's failure to answer the opposing party's counterclaim invoked T.R.8(D) and, therefore, the averments of the counterclaim were deemed admitted). While we do not condone untimely filing and failure to comply with the trial rules, we will not read into the rule that which does not appear. Accordingly, we construe T.R.8(D) as applicable only where no responsive pleading is filed whatsoever, or where such pleading is timely filed but fails to deny all of the averments contained in the pleading to which it responds.

 Dreyer & Reinbold also contends that the trial court erred in denying its T.R.12(F) Motion to Strike AutoXchange's untimely Answer. The trial court has broad discretion in ruling on a motion to strike a pleading and his decision will not be reversed unless prejudicial error is clearly shown. *Cua v. Ramos,* 433 N.E.2d 745, 752 (Ind.1982). T.R. 12(F) provides:

> Upon motion made by a party before responding to a pleading, or, if no responsive pleading is permitted by these rules, upon motion made by a party within twenty [20] days after the service of the pleading upon him or at any time upon the court's own initiative, the court may order stricken from any pleading any insufficient claim or defense or any redundant, immaterial, impertinent, or scandalous matter.

This motion is properly utilized:

> (a) to strike matter which is immaterial, impertinent, or scandalous; (b) to provide the plaintiff with a means by which to test the sufficiency of a defense; (c) to strike any insufficient claim or defense; (d) to strike a bad faith, or inadequate response to an order or rule; or (e) to strike a response to an order or rule which introduces new material or allegations not previously made and which are not introduced pursuant to a right to amend a pleading.

1A William F. Harvey, *Indiana Practice: Rules of Procedure Annotated* § 12.18, at 339 (3d ed.1999). According to Dreyer & Reinbold, AutoXchange's late filing renders its Answer "insufficient" as a matter of law and subject to striking. However, the language permitting the trial court to strike "any insufficient claim or defense," is properly construed as providing a means to redress the legal insufficiency of the content or substance of the claim or defense, not the untimeliness of a pleading.[2]

**2.** Previous opinions that have reviewed a trial court's decision to grant or deny a T.R.12(F) motion to strike based on the insufficiency of a claim or defense have done so only in the

Thus, a T.R.12(F) motion to strike was not the proper avenue for relief in this instance. Rather, as previously indicated, "[t]he proper procedure for challenging the timeliness of a pleading is to apply for default under Trial Rule 55, before the pleading is filed." *DeHart v. Anderson,* 178 Ind.App. 581, 586, 383 N.E.2d 431, 435 (Ind.Ct.App.1978).

■■■ We also note that if Dreyer & Reinbold had filed a motion for default judgment, AutoXchange's subsequent filing of its answer would not have rendered Dreyer & Reinbold's entitlement to judgment by default moot. *Clark County State Bank v. Bennett,* 166 Ind.App. 471, 477, 336 N.E.2d 663, 667 (Ind.Ct.App. 1975); *cf. Sportsman's Paradise v. Sports Ctr., Inc.,* 424 N.E.2d 1073, 1075 (Ind.Ct. App.1981) (determining that any answer filed before the motion for default is sufficient to avoid default). Rather, the trial court is vested with the power to determine whether to accept such pleading upon balancing the policies of speedy determination of actions and avoidance of delay on the one hand, against the policy favoring resolution of causes on the merits on the

other. *See Clark County State Bank,* 166 Ind.App. at 477, 336 N.E.2d at 667. Thus, by failing to file a responsive pleading in the time limits provided by the rules, the delinquent party takes the risk that a motion for default judgment will be filed, and that the trial court will, in its discretion, refuse to accept the delinquent pleading and grant the motion. *See id.*

In sum, T.R. 8(D) and T.R. 12(F) were inappropriate mechanisms to seek redress of AutoXchange's untimely filing of its answer to Dreyer & Reinbold's counterclaim. Accordingly, we conclude that the trial court did not err in denying Dreyer & Reinbold's Motion To Have Matters Deemed Admitted and Motion to Strike.

Judgment affirmed.

SULLIVAN, J., and DARDEN, J., concur.

---

context of whether the substance of the claim was legally sufficient to avoid being stricken. These cases include: *Cornell Harbison Excavating Inc., v. May,* 546 N.E.2d 1186, 1187 (Ind.1989) (determining that a motion to strike pursuant to T.R.12(F) was an appropriate mechanism to question a non-party defense that failed to specifically name the alleged non-party); *Smith v. Beasley,* 504 N.E.2d 1028, 1030 (Ind.Ct.App.1987) (concluding that the trial court properly granted the motion to strike where the pleading did not state that the claim was within the trial court's jurisdiction); *L.E. Services, Inc. v.*

*State Lottery Comm'n of Indiana,* 646 N.E.2d 334, 343 (Ind.Ct.App.1995) (determining that allegations of aiding and abetting were sufficiently raised in the complaint such that the trial court was not required to strike those claims from the pleading), *trans. denied; Anderson v. Anderson,* 399 N.E.2d 391, 408 (Ind.Ct.App.1979) (concluding that where the amended complaint contained basically the same allegations as the original complaint and additional facts alleged did not change the applicable rule of res judicata, the trial court properly granted the motion to strike).