## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 17 2015, 8:20 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANTS | ATTORNEY FOR APPELLEE |
|---|---|
| Colin J. Koons | Kurt V. Laker |
| Cox & Koons Attorneys at Law | Doyle Legal Corporation, P.C. |
| Indianapolis, Indiana | Indianapolis, Indiana |

## IN THE
# COURT OF APPEALS OF INDIANA

Uree Kincaid, Mark E. Kincaid, Denise Elaine Bryant, and The Unknown Heirs, Devisees, Legatees of Garland E. Kincaid,

*Appellants-Defendants,*

v.

Nationstar Mortgage, LLC,

*Appellee-Plaintiff*

August 17, 2015

Court of Appeals Case No. 32A01-1407-MF-322

Appeal from the Hendricks Circuit Court

The Honorable Jeffrey V. Boles, Judge

Trial Court Cause No. 32C01-1302-MF-111

**Crone, Judge.**

# Case Summary

Uree Kincaid, Mark E. Kincaid, and Denise Elaine Bryant (respectively, "Wife," "Son," and "Daughter"; collectively "the Kincaids") appeal the trial court's denial of their motion for relief from default judgment under Indiana Trial Rule 60(B). On appeal, they assert that the trial court erred in summarily entering default judgment against them and in favor of Nationstar Mortgage, LLC, under Trial Rule 55 without conducting a hearing. They also challenge the trial court's denial of their motion for relief from default judgment without affording them a hearing. Finding that Trial Rule 55(B) gives the trial court discretion in determining whether to conduct a hearing before entering a default judgment, we conclude that the Kincaids were not entitled to a hearing on Nationstar's motion for default judgment as a matter of right. Nevertheless, because we also find that Indiana Trial Rule 60(D) requires the trial court to conduct a hearing before ruling on a Trial Rule 60(B) motion, we reverse and remand for a determination on the merits of the Kincaids' Trial Rule 60(B) motion for relief from default judgment.

# Facts and Procedural History

In 2001, Garland E. Kincaid ("Husband") owned, individually in fee simple, a tract of land in Hendricks County (the property"). In 2003, he granted two mortgages on the property to Ameriana Bank and Trust to secure two loans totaling $94,000.

[3] In November 2005, Husband conveyed by warranty deed life estates in the property to himself and Wife, with remainder interests to Son and Daughter. The deed was recorded in December 2005.

[4] On October 13, 2006, Husband obtained a loan of $82,300 from Taylor Bean and Whitaker Mortgage Corporation ("TBW"), secured by a mortgage on the property. That same day, Wife quitclaimed her interest in the property to Husband. Husband used the proceeds of the TBW loan to pay off and extinguish his obligations to Ameriana. On March 13, 2008, both the TBW mortgage and Wife's quitclaim deed to Husband were recorded.

[5] Husband died on June 25, 2010. In 2011, TBW assigned the mortgage to Ocwen Loan Servicing, LLC. On February 22, 2013, Ocwen filed a complaint to foreclose the mortgage on the property, naming as defendants Wife, Son, Daughter, and any unknown heirs, devisees, and legatees of Husband. On April 12, 2013, Wife sought and was granted a change of judge, and the case was transferred from Hendricks Superior Court No. 2 to Hendricks Circuit Court and assigned a new cause number. The Kincaids sought and were granted extensions of time to file their responsive pleadings, and the trial court set a deadline of June 24, 2013.

[6] In May 2013, Ocwen assigned its interest in Husband's mortgage to Nationstar. In January 2014, the trial court granted a motion to substitute Nationstar as party plaintiff. On April 14, 2014, Nationstar sent notices to the Kincaids that it would file a motion for default judgment on or after April 18, 2014.

Nationstar filed a motion for default judgment on April 21, 2014. Wife and Son filed their responsive pleadings on April 22, 2014, and Daughter filed hers on April 29, 2014.

Meanwhile, on April 24, 2014, the trial court entered a default judgment against the Kincaids and a decree of foreclosure on the property without holding a hearing on Nationstar's motion. The Kincaids subsequently filed motions to correct error as well as motions to set aside default judgment and to stay default judgment. No hearing was held on these motions. The chronological case summary ("CCS") shows a June 30, 2014 entry denying all motions, and the trial court issued a signed order to that same effect on July 1, 2014. The Kincaids now appeal.

## Discussion and Decision

## Section 1 – The trial court did not abuse its discretion in granting Nationstar's motion for default judgment under Trial Rule 55 without a hearing.

The Kincaids assert that the trial court erred in granting Nationstar's motion for default judgment without first conducting a hearing. Indiana law strongly prefers disposition of cases on their merits, and as such, any doubt concerning the propriety of a default judgment should be resolved in favor of the defaulted party. *Coslett v. Weddle Bros. Constr. Co.*, 798 N.E.2d 859, 861 (Ind. 2003). Trial Rule 55(A) authorizes the trial court to default a party when the "party against whom a judgment for affirmative relief is sought has failed to plead or

otherwise comply with [the trial] rules and that fact is made to appear by affidavit or otherwise." With respect to whether Trial Rule 55 requires a hearing, section (B) states in pertinent part,

> *If*, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, *the court may conduct such hearing or order such references as it deems necessary and proper* and shall accord a right of trial by jury to the parties when and as required.

(Emphases added.)

[9] The rules of statutory construction also apply to the interpretation of trial rules. *Dreyer & Reinbold, Inc. v. AutoXchange.com, Inc.*, 771 N.E.2d 764, 767 (Ind. Ct. App. 2002), *trans. denied*. Where the language of a trial rule is clear and unambiguous, it is not subject to judicial interpretation. *Id*. Trial Rule 55(B) uses the discretionary term "may" in addressing the issue of a hearing on a motion for default judgment. Another panel of this Court has previously interpreted this portion of Rule 55(B) to "specifically *permit*[] the trial court to conduct a hearing" to order the moving party to present a factual basis establishing liability. *Progressive Ins. Co. v. Harger*, 777 N.E.2d 91, 96 (Ind. Ct. App. 2002) (emphasis added). Thus, under Trial Rule 55(B), the trial court's decision to conduct or dispense with a hearing before ruling on a default judgment is discretionary rather than mandatory.

[10]     As for whether the trial court abused its discretion by not conducting a hearing in this case, we note that Nationstar's motion for default judgment was accompanied by several supporting exhibits. The trial court found these exhibits sufficient to establish a factual basis for a default judgment. The exhibits include a copy of Nationstar's three-day letter of direct notice of intent to seek a default judgment, a notice by publication, and an affidavit of unpaid balance supported by documentation of Husband's escrow balance, payment history, payoff quote, administrative expenses, and attorney fees. Appellant's App. at 94-114. With these exhibits before it, we simply cannot say that the trial court abused its discretion in ruling on Nationstar's motion for default judgment without a hearing.

## Section 2 – The trial court erred in failing to conduct a hearing on the Kincaids' motion to set aside default judgment under Trial Rule 60.

[11]     The Kincaids maintain that the trial court erred in denying their motion for relief from default judgment without a hearing. Trial Rule 60(B) provides a mechanism for obtaining relief from default judgment under certain limited circumstances, and the burden is on the movant to establish grounds for such relief. *Seleme v. JP Morgan Chase Bank*, 982 N.E.2d 299, 303 (Ind. Ct. App. 2012), *trans. denied* (2013). *See also* Ind. Trial Rule 55(C) ("A judgment by default which has been entered may be set aside by the court for the grounds and in accordance with the provisions of Rule 60(B).").

[12]     Trial Rule 60(B) states in pertinent part,

(B) Mistake—Excusable neglect—Newly discovered evidence—Fraud, etc. On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:

(1) mistake, surprise, or excusable neglect;

(2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59;

(3) fraud (whether heretofore denominated intrinsic or extrinsic), or other misconduct of an adverse party;

…. or

(8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).

…. A movant filing a motion for reasons (1), (2), (3), (4), and (8) must allege a meritorious claim or defense. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

[13] When reviewing a trial court's ruling on a Trial Rule 60(B) motion, we apply an abuse of discretion standard. *Speedway SuperAmerica, LLC v. Holmes*, 885 N.E.2d 1265, 1270 (Ind. 2008). An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or if the trial court has misinterpreted the law or disregarded evidence of factors listed in the controlling statute. *Love v. Love*, 10

N.E.3d 1005, 1012 (Ind. Ct. App. 2014). When the Trial Rule 60(B) motion involves a request to set aside a default judgment, the trial court's discretion should be exercised in light of the disfavor in which default judgments are generally held. *Seleme*, 982 N.E.2d at 303.

[14] Here, we are not reviewing the merits of the trial court's ruling, that is, whether the Kincaids had a meritorious defense.[1] Instead, we review the trial court's decision to rule on the Kincaids' Trial Rule 60 motion without first conducting a hearing. In so doing, we look to the plain language of the rule. *Dreyer & Reinbold, Inc.*, 771 N.E.2d at 767. Trial Rule 60(D) states,

> (D) Hearing and relief granted. In passing upon a motion allowed by subdivision (B) of this rule the court *shall hear* any pertinent evidence, allow new parties to be served with summons, allow discovery, grant relief as provided under Rule 59 or otherwise as permitted by subdivision (B) of this rule.

(Emphasis added.)

[15] Subdivision (D) unambiguously requires the trial court to hold a hearing before ruling on a motion for relief from judgment. Our supreme court has interpreted its language as mandatory, not discretionary, holding that when a party files a Rule 60(B) motion, "notice to the opposing party and a hearing thereon is required before an order may be issued." *State ex rel. Heating & Air Conditioning*

---

[1] Because we hold that Trial Rule 60 mandates a hearing on the motion to examine its merits based on the evidence presented by both parties, we refrain from issuing an advisory opinion on the merits.

*Co. v. Lake Superior Court*, 263 Ind. 233, 235, 328 N.E.2d 733, 734 (1975). Trial Rule 60(D) does not give the trial court discretion to simply dispense with the hearing before ruling on a Trial Rule 60(B) motion. As such, the trial court erred in failing to comply with the hearing requirement before denying the Kincaids' motion. Accordingly, we reverse its order denying the Kincaids' Trial Rule 60(B) motion and remand for a determination on the merits.

[16]    Reversed and remanded.

May, J., and Bradford, J., concur.