# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 22 2016, 9:18 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Segun Rasaki
Greencastle, Indiana

ATTORNEY FOR APPELLEE

Miranda D. Bray
Manley Deas Kochalski LLC
Indianapolis, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Segun Rasaki, Priscilla Rasaki, The Huntington National Bank, American Express Bank FSB, American Express Centurion Bank, State of Indiana Department of Revenue, Annie Hendricks, and Windsor Grove II Homeowners Association, Inc.,[1] <br><br> *Appellants-Defendants,* | March 22, 2016 <br><br> Court of Appeals Case No. 29A02-1506-MF-663 <br><br> Appeal from the Hamilton Superior Court <br><br> The Honorable William J. Hughes, Judge <br><br> Trial Court Cause No. 29D03-1410-MF-10300 |

---

[1] Only Segun Rasaki is participating in this appeal. However, pursuant to Indiana Appellate Rule 17, the other defendants are considered parties on appeal. *See Hoosier Outdoor Adver. Corp. v. RBL Mgmt., Inc.*, 844 N.E.2d 157, 162 (Ind. Ct. App. 2006) ("'The rule operates of its own force to make all parties in the trial court parties on appeal, whether such parties participate actively or not.'") (quoting *State v. Nixon*, 270 Ind. 192, 194, 384 N.E.2d 152, 153 (1979)), *trans. denied.*

v.

Union Savings Bank,
*Appellee-Plaintiff*

**Crone, Judge.**

# Case Summary

Segun Rasaki, pro se, appeals the trial court's entry of summary judgment in favor of Union Savings Bank ("USB") on its action to foreclose on real estate. He argues that the trial court abused its discretion by granting USB's motion to strike his reply to complaint and counterclaims. He also argues that summary judgment is improper because there is a genuine issue of material fact. We conclude that the trial court did not commit reversible error by striking Rasaki's reply to complaint and counterclaims. We also conclude that USB established a prima facie case that it was entitled to summary judgment and Rasaki failed to designate evidence to establish that there was a genuine issue of material fact precluding summary judgment. Therefore, we conclude that the trial court properly granted USB's summary judgment motion and accordingly affirm.[2]

---

[2] After Rasaki filed his notice of appeal, he filed in the trial court a motion to correct error and to set aside summary judgment. His arguments based on these motions are not properly before us, and therefore we will

# Facts and Procedural History

[2]    On August 26, 2009, to purchase a home on 10574 Iron Horse Lane in Carmel, Rasaki executed a promissory note and mortgage, granting USB a secured interest in the property. Rasaki lived on Iron Horse Lane with his wife Priscilla Rasaki ("Priscilla") and their children. On or about April 1, 2014, Rasaki defaulted upon the note and mortgage by failing to make timely payments.

[3]    In October 2014, USB filed a complaint on promissory note and to foreclose mortgage against Rasaki and Priscilla.[3] Rasaki filed an appearance providing his address in Putnamville Correctional Facility. In November 2014, Rasaki, pro se, filed a motion for a settlement conference and enlargement of time. The trial court ordered the parties to participate in a settlement conference and ordered USB to supply the Rasakis with a complete payment history, a loan payoff, and reinstatement figures. The trial court also granted Rasaki's motion for enlargement of time and gave Rasaki up to and including January 20, 2015, to file an answer.

[4]    At some point, Rasaki provided a power of attorney to Priscilla. In December 2014, USB sent the payment history and other documents required by the trial court's order setting the settlement conference to Priscilla at Iron Horse Lane.

not address them. *See* Ind. Appellate Rule 9(F) (requiring that the notice of appeal designate the date and title of the judgment or order being appealed and have attached a copy of the judgment or order being appealed).

[3] Although Priscilla was not a party to the note and mortgage, she was made a party to the action to answer to any interest in the real property by virtue of the deed to the property.

In February 2015, the settlement conference was held, but no settlement was reached.

[5] In March 2015, USB filed a motion for summary judgment pursuant to Indiana Trial Rule 56 with designated materials including the promissory note and mortgage and the affidavit of USB's authorized representative, attesting to the breach of contract and that the balance due on the note was $795,539.32. Rasaki timely filed a motion for alteration of time limits of Trial Rule 56, but rather than asking for more time to respond to USB's summary judgment motion, he asked for more time to respond to USB's "complaint." Appellant's App. at 182. The trial court granted the motion and ordered him to respond to USB's complaint by May 20, 2015. On May 22, 2015, Rasaki filed his "Reply to Complaint on Promissory Note and To Foreclose Mortgage," which also included his counterclaims. *Id*. at 192. His reply to complaint was unverified and did not have attached sworn affidavits in support of his assertions. USB treated his reply to complaint as a pleading, and in June 2015, pursuant to Indiana Trial Rule 12(F), USB filed a motion to strike it, alleging that it was both untimely and failed to state a claim under Indiana Trial Rule 12(B)(6).

[6] On June 5, 2015, the trial court held a hearing on all matters. On June 8, 2015, Rasaki filed a judicial notice informing the trial court that he was revoking the power of attorney that he had granted to Priscilla. On June 9, 2015, the trial court issued an order granting USB's summary judgment motion. In it, the trial court found that USB had shown that no issue of material fact exists and that it was entitled to judgment on all claims asserted against Rasaki in its complaint.

The trial court ordered that the mortgage be foreclosed and that the property be sold and awarded USB a personal judgment against Rasaki for $795,539.32, to which the net proceeds of the sale of the property would be applied. Also on June 9, 2015, the trial court issued an order granting USB's motion to strike Rasaki's reply to complaint, but the trial court did not provide the basis for its ruling. Rasaki filed a notice of appeal of the trial court's June 9, 2015 orders.

## Discussion and Decision

## Section 1 – The trial court did not commit reversible error by striking Rasaki's reply to complaint and counterclaims.

[7] Before reviewing Rasaki's argument, we observe that an appellant "who proceeds pro se is 'held to the same established rules of procedure that a trained legal counsel is bound to follow' and, therefore, must be prepared to accept the consequences of his or her action." *Ramsey v. Review Bd. of Ind. Dep't of Workforce Dev.*, 789 N.E.2d 486, 487 (Ind. Ct. App. 2003) (quoting *Mullis v. Martin*, 615 N.E.2d 498, 500 (Ind. Ct. App. 1993)). Rasaki's arguments are extremely difficult to decipher, but we have done our best to address them without becoming his advocate.

[8] Rasaki argues that the trial court abused its discretion in granting USB's motion to strike his reply to complaint and counterclaims.[4] "The trial court has broad

---

[4] Rasaki contends that the trial court ruled on the motion to strike before he had an opportunity to respond. However, because he completely fails to develop this argument, it is waived. *See Thacker v. Wentzel*, 797 N.E.2d 342, 345 (Ind. Ct. App. 2003) (concluding that Thacker's unsupported assertion was too poorly developed to be understood, and therefore he waived his argument); *see also* Ind. Appellate Rule 46(A)(8)(a)

discretion in ruling on a motion to strike a pleading and [its] decision will not be reversed unless prejudicial error is clearly shown." *Dreyer & Reinbold, Inc. v. AutoXchange.com., Inc.*, 771 N.E.2d 764, 768 (Ind. Ct. App. 2002), *trans. denied.* USB's motion to strike was made pursuant to Indiana Trial Rule 12(F), which provides that "the court may order stricken from any pleading any insufficient claim or defense or any redundant, immaterial, impertinent, or scandalous matter." A Trial Rule 12(F) motion is properly utilized for the following:

> (a) to strike matter which is immaterial, impertinent, or scandalous; (b) to provide the plaintiff with a means by which to test the sufficiency of a defense; (c) to strike any insufficient claim or defense; (d) to strike a bad faith, or inadequate response to an order or rule; or (e) to strike a response to an order or rule which introduces new material or allegations not previously made and which are not introduced pursuant to a right to amend a pleading.

*Dreyer*, 771 N.E.2d at 768 (quoting 1A WILLIAM F. HARVEY, INDIANA PRACTICE: RULES OF PROCEDURE ANNOTATED § 12.18, at 339 (3d ed.1999)).

[9]     USB moved to strike based on untimeliness and failure to state a claim pursuant to Trial Rule 12(B)(6). The parties vigorously dispute whether Rasaki's reply to complaint was timely, but that question is irrelevant because "the language of Trial Rule 12(F) permitting the trial court to strike 'any insufficient claim or defense' is properly construed as providing a means to redress the legal

---

("The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning.").

insufficiency of the content or substance of the claim or defense, *not the untimeliness of a pleading*." *Id*. (emphasis added). Therefore, a Rule 12(F) motion to strike was not the proper device for challenging the timeliness of Rasaki's pleading.[5]

[10]    Assuming, without deciding, that the trial court abused its discretion by striking Rasaki's reply to complaint, Rasaki cannot show any prejudice because his pleading was of no use to him as a response to USB's summary judgment motion. USB had filed its motion for summary judgment with designated materials, including the note and mortgage, and the affidavit of USB's representative attesting to the breach of contract. Rasaki's reply to complaint was not designated as material in response to USB's motion for summary judgment, it was not verified, and it did not include affidavits in support of the facts alleged therein. Neither the trial court nor this Court is permitted to consider an answer when it was not designated for consideration. *See Dinsmore v. Fleetwood Homes of Tenn., Inc.*, 906 N.E.2d 186, 189 (Ind. Ct. App. 2009) (trial and appellate court may consider only properly designated evidentiary material); Ind. Trial Rule 56(C) ("At the time of filing the motion *or response*, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on

---

[5] "'[T]he proper procedure for challenging the timeliness of a pleading is to apply for default under Trial Rule 55, before the pleading is filed.'" *Dreyer*, 771 N.E.2d at 769 (quoting *DeHart v. Anderson*, 178 Ind. App. 581, 586, 383 N.E.2d 431, 435 (1978)). "[B]y failing to file a responsive pleading in the time limits provided by the rules, the delinquent party takes the risk that a motion for default judgment will be filed, and that the trial court will, in its discretion, refuse to accept the delinquent pleading and grant the motion." *Id*.

which it relies for purposes of the motion.") (emphasis added); Ind. Trial Rule 56(H) (providing that no judgment rendered on a summary judgment motion "shall be reversed on the ground that there is a genuine issue of material fact *unless the material fact and the evidence relevant thereto shall have been specifically designated to the trial court*.") (emphasis added). Moreover, when "the moving party files materials establishing the lack of any issue of material fact, the non-movant *may not rely upon his pleadings* to demonstrate his affirmative defenses, but must bring forth specific facts, by affidavit or otherwise, to show a genuine issue for trial." *Abbott v. Bates*, 670 N.E.2d 916, 923 (Ind. Ct. App. 1996) (emphasis added); *see also* Ind. Trial Rule 56(E) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."). Consequently, Rasaki's reply to complaint cannot be properly considered by the trial court or this Court to determine whether summary judgment in favor of USB is proper.

[11] As for what Rasaki refers to as his counterclaims against USB, he asserts that they were not barred. However, he fails to argue that the trial court abused its discretion in striking them for failure to state a claim upon which relief can be granted pursuant to Trial Rule 12(B)(6). Accordingly, we conclude that the trial court did not abuse its discretion in striking them.

[12] In addition, some of Rasaki's "counterclaims" are directed toward the law firm of Manley Deas Kochalski LLC ("MDK"), alleging that it violated the Fair

Debt Collection Practices Act, 15 U.S.C.S. § 1692e(2)(A), -e(8), -e(10), and -g(b), in its dealings with him. However, MDK has never been named a party to this lawsuit. Rasaki argues that Indiana Trial Rule 13(H) permits joinder of additional parties in accordance with Trial Rules 14, 19, and 20. He further argues that pursuant to Trial Rule 14, MDK may be joined as a third party. Trial Rule 14 permits a "defending party, as a third-party plaintiff, [to] cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." Here, Rasaki failed to serve MDK with a summons and complaint as required by Trial Rule 14. Therefore, the trial court did not abuse its discretion by striking these claims.

## Section 2 – The trial court properly granted USB's summary judgment motion.

[13] Our standard of review is well settled:

> When reviewing a grant of summary judgment, our standard of review is the same as that of the trial court. Considering only those facts that the parties designated to the trial court, we must determine whether there is a "genuine issue as to any material fact" and whether "the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C). In answering these questions, the reviewing court construes all factual inferences in the non-moving party's favor and resolves all doubts as to the existence of a material issue against the moving party. The moving party bears the burden of making a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law; and once the movant satisfies the burden, the burden then shifts to the non-

> moving party to designate and produce evidence of facts showing the existence of a genuine issue of material fact.

*Dreaded, Inc. v. St. Paul Guardian Ins. Co.*, 904 N.E.2d 1267, 1270 (Ind. 2009) (citations omitted).

Here, USB provided proof of the existence of the note and mortgage by attaching a copy of them to its complaint as required by Indiana Trial Rule 9.2.[6] With its motion for summary judgment, USB filed an affidavit pursuant to Trial Rule 56(E)[7] attesting to the breach of contract and resulting damages. Appellant's App. at 145-47. USB clearly met its burden to make a prima facie case for breach of contract. In response, Rasaki did not designate any evidence. Therefore, Rasaki did not establish a genuine issue of material fact. *See Abbott*, 670 N.E.2d at 923. We conclude that the trial court properly granted USB's summary judgment motion. Therefore, we affirm.

Affirmed.

Najam, J., and Robb, J., concur.

---

[6] Trial Rule 9.2(A) provides, "When any pleading allowed by these rules is founded on a written instrument, the original, or a copy thereof, must be included in or filed in the pleading."

[7] Trial Rule 56(E) provides, "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."