## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

09/12/2017, 10:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

Thomas W. Vander Luitgaren
Emily M. Gettum
Greenwood, Indiana

ATTORNEYS FOR APPELLEES

Laura K. Bindford
Courtney David Mills
Riley Bennett Egloff LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Mary Clem, as Personal Representative of the Estate of Robert E. Clem, Jr., deceased, and Mary Clem, individually, *Appellants-Plaintiffs,* v. Richard K. Freeman, M.D., and St. Vincent Medical Group, Inc., *Appellees-Defendants.* | September 12, 2017 Court of Appeals Case No. 29A02-1703-PL-714 Appeal from the Hamilton Circuit Court The Honorable Paul A. Felix, Judge Trial Court Cause No. 29C01-1612-PL-11284 |

**Bradford, Judge.**

# Case Summary

[1] Appellants-Plaintiffs Mary Clem, as personal representative of the Estate of Robert E. Clem, Jr., deceased, and Mary Clem individually (collectively "Clem") filed a medical malpractice case against Appellees-Defendants Richard K. Freeman, M.D. ("Dr. Freeman"), and St. Vincent Medical Group ("St. Vincent") in Marion County, Indiana, on August 23, 2016. On October 31, 2016, Dr. Freeman and St. Vincent filed a motion for change of venue, seeking to change venue to Hamilton County. On November 9, 2016, Marion County Superior Court granted Dr. Freeman and St. Vincent's motion for change of venue pursuant to Indiana Trial Rule 75.

[2] Clem did not file the re-filing fee with the Marion County clerk within the twenty-day time period as prescribed by Trial Rule 75. On December 13, 2016, thirty-four days after the court granted the motion for change of venue, Clem's counsel delivered a re-filing check to the Marion County. On December 14, 2016, Dr. Freeman and St. Vincent filed a motion to dismiss without prejudice and for attorney's fees relying on Trial Rule 75(B) alleging that Clem failed to timely pay the re-filing fee. On December 20, 2016, Clem filed her response in opposition to the motion to dismiss and motion for extension of time to pay the re-filing fee pursuant to Trial Rule 6(B).

[3] On February 13, 2017, the Hamilton County trial court held a pre-trial hearing during which the parties stipulated to the court ruling on the previously-filed motion to dismiss. On March 16, 2017, the trial court dismissed Clem's

complaint without prejudice pursuant to Rule 75(B)(3). Because we find that there were circumstances amounting to excusable neglect, we reverse the trial court.

## Facts and Procedural History

In March of 2012, an otherwise healthy fifty-nine-year-old Robert E. Clem, Jr., was diagnosed with cancer of the left tonsil. Shortly thereafter, Robert E. Clem ("Robert") underwent a PET scan, which showed a focus of metastatic disease in the right anterior fourth rib. Robert was referred to cardio thoracic surgeon Dr. Freeman for resection of the diseased rib. On April 13, 2012, Dr. Freeman resected a section of Robert's rib and sent it to pathology. The results from the pathology were negative for metastasis.

Six months later, an imaging requested by another doctor treating Robert revealed that Dr. Freeman had resected the wrong rib, the third right anterior rib. Once it was discovered that the wrong rib had been resected, Robert E. Clem had to endure a second surgery to resect the correct rib. At that time, Robert had undergone several long months of chemotherapy and radiation treatment. The fourth anterior rib, successfully resected by another surgeon, was found to be malignant. Robert was later diagnosed with bone cancer.

On November 6, 2013, Robert filed his proposed complaint with the Indiana Department of Insurance alleging that medical malpractice occurred on April 12, 2012. As a result of Dr. Freeman and St. Vincent's treatment of Robert, he

endured additional surgery and other negative consequences that impacted his family. Unfortunately, Robert passed away on February 16, 2015.

[7] The Medical Review Panel convened on two occasions, March 28, 2016 and May 11, 2016, before issuing its written and signed opinion. On June 9, 2016, almost three years after Robert filed his proposed complaint, Clem received the Medical Review Panel's unanimous opinion finding that Dr. Freeman and St. Vincent committed medical malpractice by failing to comply with the appropriate standard of care when treating Robert and that their conduct caused some resultant damages. The panel also found that St. Vincent did not commit malpractice.

[8] On August 23, 2016, Clem filed a complaint in Marion County. On October 17, 2016, the same day that Dr. Freeman and St. Vincent's answer was due with their automatic extension, counsel for Dr. Freeman and St. Vincent contacted Clem's counsel by phone asking if Clem objected to Dr. Freeman and St. Vincent's second request for extension of time to file an answer. Clem's counsel did not object.

[9] On October 31, 2016, Dr. Freeman and St. Vincent filed their verified motion for change of venue. The motion was based on the facts that Dr. Freeman resided in Hamilton County and St. Vincent had its principal place of business there. Dr. Freeman and St. Vincent requested that the case be transferred to

Hamilton County pursuant to Trial Rule 75(B)(1). Clem did not object to the motion for change of venue.[1]

[10] On November 9, 2016, the Marion County trial court granted the motion for change of venue and directed the case to be transferred from Marion County to Hamilton County. On December 14, 2016, Dr. Freeman and St. Vincent filed a motion to dismiss without prejudice and for attorney fees pursuant to Indiana Trial Rule 75(B)(3). On December 20, 2016, Clem filed her response in opposition to defendants' motion to dismiss and a request for extension of time to pay re-filing fee pursuant to Indiana Trial Rule 6(B). On December 29, 2016, Dr. Freeman and St. Vincent filed their reply brief in support of the motion to dismiss without prejudice and for attorney fees. On December 29, 2016, Clem filed her reply in opposition to defendants' response in opposition to defendants' response in support of motion to dismiss.

[11] On January 19, 2017, Clem filed her praecipe for telephonic pre-trial conference in Hamilton Circuit Court 1. On February 13, 2017, the parties conducted a telephonic pre-trial conference before Judge Paul Felix of Hamilton County Circuit 1. During the telephonic conference, the parties stipulated to the Hamilton County Circuit Court ruling on the previously-filed motion to dismiss. Judge Felix was provided with all of the relevant materials and it was

---

[1] Clem concedes in her brief that venue in Hamilton County is proper.

decided that the parties would file a notice with the Hamilton County Circuit Court, attach their previously-filed documents from Marion County as exhibits, and submit proposed orders.

On February 14, 2017, Clem filed her notice of re-filing of plaintiff's responses in opposition to defendants' motion to dismiss. On February 16, 2017, Dr. Freeman and St. Vincent filed their notice of filings regarding defendants' motion to dismiss without prejudice and for attorney fees filed on December 14, 2016. On March 16, 2017, the trial court, after reviewing the parties' respective briefs, entered its order dismissing Clem's complaint without prejudice pursuant to Trial Rule 75(B)(3).

# Discussion and Decision

The re-filing deadline in this case was missed due to an unfortunate calendaring mistake that occurred within Clem's counsel's firm. There was a failure to flag the deadline. Under the unique circumstances of this case, we conclude that the trial court abused its discretion when it imposed the harshest possible sanction in dismissing Clem's lawsuit for a simple technicality like a late re-filing fee. Given the underlying facts of this case, dismissal is inconsistent with "Indiana's oft-stated policy of having cases decided on their merits whenever possible." *Deutsche Bank Nat. Trust Co. v. Harris*, 985 N.E.2d 804, 815 (Ind. Ct. App. 2013); *see also Clark Cnty. State Bank v. Bennett*, 336 N.E.2d 663, 667 (Ind. Ct. App. 1975). Although we acknowledge and do not condone the failure of Clem's counsel to pay the re-filing fee within the allotted period, we

nevertheless find that there were circumstances amounting to excusable neglect in this case.

[14] The judgment of the trial court is reversed.

May, J., and Barnes, J., concur.